Louis G. Bruhn, J.
This is a proceeding pursuant to article 78 of the CPLB, in the nature of mandamus, for an order directing the respondent to refund the sum of $9,000 to the petitioners as executors of the will of Louis Wessels.
Such sum represents a prepaid estate tax and its return is sought on the grounds the respondent wrongfully and illegally holds it in violation of a duty enjoined upon it by law.
Historically, it appears that letters testamentary were issued to petitioners on February 23, 1949 by the Surrogate’s Court of New York County and in June, 1950 the then attorneys for petitioners made the $9,000 prepayment afore-mentioned.
On December 1, 1950, without motion by or notice to petitioners or their attorneys an order was entered in such Surrogate’s Court adjudging the estate exempt from tax.
When the State Tax Commission did not refund the $9,000 an application for refund dated March 23,1953 was filed. By letter dated April 14,1953 the application was rejected because it was not made within one year from the date of the order (Dec. 1, 1950) as required by the provisions of section 249-aa of the Tax Law of the State of New York.
At that time such section, so far as pertinent, provided: ‘ ‘ Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid, the tax commission, with the approval of the comptroller, shall refund to the persons entitled thereto the amount so paid in excess of the amount of tax fixed by the taxing order, out of funds in the custody of the comptroller to the credit of such taxes, provided application for such refund he filed with the tax commission within one year from the entry of such taxing order.” (L. 1934, ch. 434, § 3; italics supplied.)
This section of the Tax Law was amended by section 2 of chapter 164 and section 2 of chapter 840 of the Laws of 1964 to read as follows: ‘ ‘ Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid, the tax commission, with the approval of the comptroller, shall refund to the persons entitled thereto the amount so paid in excess of the amount of tax fixed by the taxing order, out of funds in the custody of the comptroller to the credit of such taxes or of the taxes collected under article twenty-six of this chapter, provided application for such refund be filed with the tax commission within six years from the entry of such taxing order.” (Italics supplied to indicate changes made by the Laws of 1964.)
*476 Incidentally, section 3 of chapter 840, which chapter related to the time change above, provided: “ This act shall take effect immediately, and shall be applicable to claims for refunds accruing before or after the date on which it takes effect, including such claims as have accrued more than one year prior to said date.” (Italics supplied.)
Following such amendments and by letter dated December 20, 1965 addressed to the State Tax Commission the petitioners requested that their “ application of March 23, 1963 be reconsidered and that pursuant to such application refund of said $9,000 overpayment now be made ”.
Receiving no response the petitioners renewed the request for refund by a second letter to the commission dated February 21, 196,6.
When no response was received to the second letter either, this proceeding was instituted by a petition dated June 27,1966.
Pursuant to CPLR 7804 (subd. [f ]) the respondent now moves to dismiss the petition.as a matter of law on the grounds it ‘ ‘ fails to state facts sufficient to entitle the petitioner to the relief asked or to any other relief.”
While the motion of the respondent addresses itself to a general failure to state facts sufficient to entitle the petitioners to the relief sought, the argument and brief of the respondent addresses itself primarily to the question of the alleged bar existing because of the time factor.
The determination of the motion to dismiss, therefore centers around the question of whether in amending this section the Legislature intended to give it retroactive effect and if so, to what extent.
The law seems fairly well settled that the Legislature may under certain circumstances, enact a Statute of Limitations which has the effect of reviving a cause of action barred under a previously applicable Statute of Limitations. (Gallewski v. Hentz & Co., 301 N. Y. 164.)
In that case which seems to be the leading one on the proposition involved, the court stated (p. 171): “ By express direction therefore, this was a revival statute. The proviso was added to meet the constitutional test first stated in Campbell v. Holt (115 U. S. 620), and which was recently reaffirmed and explained by the Supreme Court of the United States in Chase Securities Corp. v. Donaldson (325 U. S. 304, 311-312) as follows: ‘ In Campbell v. Holt, supra, this Court held that where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even *477 after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar. This has long stood as a statement of the law of the Fourteenth Amendment * * *.’ ” (Italics supplied.)
Again, at page 174, in quoting with approval from another leading case of Robinson v. Robins Dry Dock & Repair Co. (238 N. Y. 271) stated: “ All the cases including Campbell v. Holt (supra) recognized that in some cases the right to interpose a bar to a right of action constitutes in effect a property right which the Legislature may not take away, but at the other extreme are cases where both instinct and reason revolt at the proposition that redress for a wrong must be denied because the Legislature may not remove a statutory bar which has conferred an immunity which is contrary to all prevailing ideas of justice.” (Italics supplied.)
The court, at the same page, went on to say: “ The tests suggested in the Robinson case {supra) leave the court free to approach each revival statute on its individual merits, in the light of its own peculiar circumstances and setting.” (Italics supplied.)
Of comparable persuasive significance is the line of cases revealed in Jackson v. State of New York (261 N. Y. 134) which hold that the State cannot successfully assail a retroactive statute on constitutional grounds.
Equating these principles with the provisions of section 3 of chapter 840 of the Laws of 1964, leaves little doubt of a legislative intent to give retroactive effect to its changes.
Especially is this true when such specific language directs its application to “ refunds accruing before or after the date on which it takes effect ” and on claims that accrued “ more than one year prior to said date.”
In addition, further evidence of a legislative intent to give retroactive depth to the section can be garnered from the fact that the section was amended to amplify the fund from which such refunds could be paid through the addition of the language “or of the taxes collected under article twenty-six of this chapter ’ ’.
In view of the foregoing and in keeping with the policy of giving broad effect to this type of legislation, it is this court’s opinion that the Legislature intended relief to be given to people in'petitioners’ position especially since there is a strong moral persuasion that the State has no legitimate claim to retain the money save for the time limitation.
As a matter of fact, it would seem to many that the Legislature might well consider amending the section to put the onus *478 on the commission to make refunds in situations such as this without any application at all on the part of those who made such advance payment.
This court is not disturbed that the instant petition contains no allegation that the instant petitioners are not presently executors of the estate because certainly before payment was made proof could be required indicating they are or are not and if they are not then proof through a certified copy of the will or otherwise could be required to establish the identity of those rightfully entitled to the money.
However, in view of the fact that the approval of the Comptroller is necessary before a refund can be granted, this court now directs, pursuant to CPLR 7802 (subd. [d]) that notice of this proceeding be given to him.
Section 7804 (subd. [f]), under which the respondent’s motion was made, provides, in part: ‘ ‘ If the motion is denied, the court shall permit the respondent to answer, upon such terms as may be just; and unless the order specifies otherwise, such answer shall be served and filed within five days after service of the order with notice of entry.” (Italics supplied.)
Therefore, for the reasons stated, the respondent’s motion is denied with permission both to it and the Comptroller to answer on condition that such answer does not assert a defense of laches or Statute of Limitations.