■ In the Matter of MEEGAN S., Respondent, v DONALD T. Appellant. — Appeal from an order of the Family Court of Essex County (Plumadore, J.), entered August 30, 1983, which denied respondent's motion to dismiss a paternity petition. ¶ On February 2, 1983, a petition was filed in a paternity proceeding on behalf of petitioner's child, born January 15, 1980. On May 19, 1983, that petition was dismissed as untimely; the proceeding had not been commenced within two years of the child's birth as required by section 517 of the Family Court Act. No appeal was taken. ¶ Effective June 21, 1983, section 517 was amended to extend the Statute of Limitations to five years from the child's birth (L 1983, ch 305, § 1); the constitutionality of this period is not being challenged (cf. *Matter of Patricia R. v Peter W.,* 120 Misc 2d 986). In light of this amendment, petitioner, on July 6, 1983, filed a new paternity petition. Respondent's motion to dismiss this second petition on the ground that the amendment was not intended to have retroactive consequences and that, in any event, the doctrines of law of the case and *res judicata* barred this proceeding was denied, generating this appeal. ¶ Immediately preceding amendment of section 517 of the Family Court Act, the United States Supreme Court in *Mills v Habluetzel* (456 US 91) had found a one-year limitation for paternity suits brought by the child's mother to be unconstitutional. As the sponsor's memorandum in support of the bill authorizing this amendment indicates, the Legislature was acutely aware of the *Mills* decision, and the extension of the Statute of Limitations to five years was calculated to cure the statute of its perceived constitutional infirmity. Enactment of the amendment proved to be a felicitous circumstance, for several days after the New York amendment the United States Supreme Court held that a Tennessee statute, pursuant to which a mother had two years to file a paternity suit, violated the equal protection clause of the Fourteenth Amendment (*Pickett v Brown,* 462 US 1). ¶ We join in Family Court's conclusion that the amendment is to be retroactively applied. If it is not deemed retroactive, mothers of children born out of wedlock who reached age two prior to the effective date of the amendment will be forced to first litigate the constitutionality of the two-year statute barring their paternity claim, despite the fact that the outcome is predetermined. By exercising its right to enlarge the Statute of Limitations, thereby restoring the remedy to petitioner and those similarly circumstanced, the

Legislature foresaw this waste of judicial time and the litigants' resources and acted to avoid it (see *Gallewski v Hentz & Co.,* 301 NY 164, 171). Moreover, remedial legislation, as this certainly is, is generally afforded retrospective treatment (*Matter of Cady v County of Broome,* 87 AD2d 964, mot for lv to app den 57 NY2d 602; see *Matter of Hintz v State Tax Comm.,* 55 Misc 2d 474, 477). Beyond that, we note that the amendment was made operative immediately, instead of prospectively, thus implying retroactivity (*Matter of Cady v County of Broome, supra*). ¶ Even though the amendment is applicable, *res judicata* prohibits consideration of the second petition. *Res judicata* acts to prevent relitigation of an identical claim in a future case where the prior decision is final and on the merits (Siegel, NY Prac, § 444, p 589). Although a dismissal based on the Statute of Limitations does not foreclose future claims on alternate grounds, it is *res judicata* as to the issue determined (*Smith v Kirkpatrick,* 305 NY 66, 72-73); and here the precise issue decided in the first proceeding was that petitioner was precluded by the Statute of Limitations. As petitioner has not appealed the adjudication made in the first proceeding, thus leaving unchallenged the constitutionality of the two-year Statute of Limitations, that determination is conclusive on the parties notwithstanding the subsequent change in the law (*Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, 963, affd 29 NY2d 888). ¶ Order reversed, on the law, motion granted, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.