■ MARGARET H. BRADLEY, Individually and as Administratrix of the Estate of SARAH J. BRADLEY, Deceased, Appellant, v BURROUGHS WELLCOME CO., INC., Respondent. (And a Third-Party Title.)—In an action to recover damages for personal injuries and wrongful death, plaintiff, individually and as administratrix of the estate of the decedent, appeals from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered July 30, 1984, which granted defendant's motion for reargument and, upon reargument of defendant's motion for summary judgment, granted the motion and dismissed the complaint as time barred by the applicable Statute of Limitations.

Judgment reversed, with costs, defendant's motion denied, and matter remitted to the Supreme Court, Suffolk County, for further proceedings.

This action was brought to recover damages for personal injuries to, and for the wrongful death of, plaintiff's mother, which allegedly occurred as a result of the latter's ingestion of overdoses of Lanoxin brand digoxin tablets, manufactured by defendant. The decedent was administered Lanoxin continuously from 1965 through October 7, 1978. She died on March 26, 1981.

The action was commenced on September 28, 1981. The complaint, as amplified by plaintiff's answers to defendant's interrogatories, alleged, inter alia, that (1) defendant was negligent in failing to warn that plaintiff's decedent's dosages of Lanoxin had to be reduced and (2) as a result of this failure to warn, plaintiff's decedent continued to ingest an improper dosage of the drug which caused her injuries and ultimate death. After joinder of issue, defendant moved for summary judgment dismissing the complaint as time barred by the applicable Statute of Limitations. Specifically, defendant submitted documentary evidence, as well as certain answers given by plaintiff in response to defendant's interrogatories, which indicated that plaintiff's decedent first suffered her alleged injuries, and discovered the same, as early as 1972, and surely no later than 1976.

Special Term agreed with defendant's argument, and accordingly dismissed the complaint in its entirety (including the causes of action for wrongful death) pursuant to CPLR 214 (5) and *Kelliher v New York Cent. & Hudson Riv. R. R. Co.,* (212 NY 207).

We disagree with the holding of Special Term.

It is now well established by the Court of Appeals that the time to sue to recover damages for injuries resulting from the ingestion of a chemical substance runs "from the last exposure to the substance, not from discovery of the injury" *(Martin v Edwards Labs.,* 60 NY2d 417, 426; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008). Moreover, as the United States Court of Appeals for the Second Circuit recently noted, there is "no reason to assume" that the New York Court of Appeals would alter this formulation of the Statute of Limitations "when the last exposure occurs after— rather than before—discovery of the harm" *(Ward v Desacham Co.,* 771 F2d 663, 667). Since the decedent's last exposure to the alleged improper dosage of the defendant's drug occurred in October 1978, the plaintiff's cause of action to recover damages for personal injuries accrued at that time, and the action is not time barred. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.