■ RUSSELL HARRELL, Appellant, v KOPPERS COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. JOHNS-MANVILLE PRODUCTS CORPORATION et al., Third-Party Defendants-Respondents.—In a negligence and strict products liability action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Pitaro, J.), dated June 15, 1984, which granted the separate motions by the defendant and third-party plaintiff and by the third-party defendant Allied Chemical Corporation, Barrett Division (hereinafter Allied Chemical), to dismiss the complaint upon the ground that the causes of action therein were barred by the Statute of Limitations and (2) as limited by his brief, from so much of an order of the same court, dated August 15, 1984, as, upon granting his motion for renewal, adhered to the original determination.

Appeal from the order dated June 15, 1984 dismissed. That order was superseded by the order dated August 15, 1984, made upon renewal.

Order dated August 15, 1984 reversed, insofar as appealed from, order dated June 15, 1984 vacated, motions denied, and complaint reinstated.

The plaintiff is awarded one bill of costs payable by the defendant and third-party plaintiff and the third-party defendant Allied Chemical.

Plaintiff commenced the instant lawsuit on or about August 23, 1979, claiming that over a course of years, while employed as a roofer, he developed cancer as a result of working with Bitumen, an alleged carcinogen manufactured by the defendant and third-party plaintiff, Koppers Company, Inc. The plaintiff alleged that he was first exposed to Bitumen in 1956, and was last exposed to Bitumen in late 1977 or early 1978.

When the plaintiff first worked with Bitumen in 1956, he acquired a tingling sensation which turned into pain. The pain was relieved by a salve prescribed by a doctor. In 1973, the plaintiff, as an alleged result of working with Bitumen, developed a nonhealing growth on his face which was diagnosed as a basal cell carcinoma and surgically removed. The plaintiff also developed basal cell carcinomas on his back in 1975, on his face, neck, chest, and right shoulder in 1978, and on his eyelid in 1980. In 1981, he had two malignant melanomas removed, one from his neck and one from his lower right leg.

The third-party defendant Allied Chemical and the defendant and third-party plaintiff separately moved for summary judgment dismissing the complaint on the ground that the plaintiff's claims are barred by the Statute of Limitations. The motions were granted by Special Term.

Special Term acknowledged that in New York the time to sue to recover damages for injuries resulting from inhalation, ingestion or injections of harmful substances runs from the last exposure to the substance, not from discovery of the injury *(Martin v Edwards Labs.,* 60 NY2d 417, 426). However, Special Term distinguished the cases applying the "last exposure" rule on the ground that the injury to the plaintiff at bar occurred prior to the last exposure, stating: "The concern voiced in these opinions for persons who would be barred from litigating their claims before they were even injured is inapplicable here". Special Term's distinction fundamentally misperceives the purpose served by the exposure rule, and the meaning of the word "injury" as used in inhalation, ingestion and injection cases, where injury is said to occur upon exposure. Ordinarily, under the exposure rule, a plaintiff's right to recover for damages is cut short, with the "injury" so incurred manifesting itself after the period of limitations has run. Societal interest in repose is served by such a rule, not the interests of persons who are barred from litigating their claims before they discover that they are injured. A discovery rule has been repeatedly rejected, notwithstanding the interests of such persons.

The Court of Appeals has repeatedly held that for injury caused by inhalation, ingestion or injection of deleterious substances, the cause of action for personal injury accrues on the date of last exposure *(Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, *rearg denied* 271 NY 531; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, *cert denied and appeal dismissed* 456 US 967). Injury occurs "at the time of

invasion of [the] body" *(Thornton v Roosevelt Hosp.,* 47 NY2d 780, 781), and consists of the "condition created in the * * * body through the defendant's alleged wrong" *(Schmidt v Merchants Desp. Transp. Co., supra,* at p 301). Any subsequent or apparent manifestation of the inchoate injury caused by the invasion of the body is irrelevant to accrual of the cause of action and commencement of the Statute of Limitations period. The Court of Appeals has steadfastly refused to adopt a "discovery" rule, stating, "Plaintiffs now urge * * * that the Statute of Limitations applicable to their cases should not run from the date of the last exposure to the invading substance, but rather from the date on which the * * * disease was or could have been discovered. We are unable to adopt this proposed standard, and we reaffirm the principle announced in *Schmidt* and followed in *Schwartz" (Matter of Steinhardt v Johns-Manville Corp., supra,* at p 1010; *see also, Thornton v Roosevelt Hosp., supra,* at p 781 ["plaintiff's claim being interposed some 20 years after the decedent's injection—the date of injury—the action is time-barred * * * the plaintiff may [not] invoke the so-called 'discovery' rule"]; *Fleishman v Lilly & Co.,* 62 NY2d 888, *cert denied* 469 US 1192).

Here, Special Term invoked the discovery rule to bar the plaintiff's claim before it had accrued, relying upon *Martin v Edwards Labs.* (60 NY2d 417, *supra).* There, the Court of Appeals identified the accrual date of a cause of action in products liability for "a product inserted or implanted in but *not assimilated* by the body and *intended* to have a continuing function" *(Martin v Edwards Labs., supra,* at p 424, emphasis supplied). Distinguishing not only products *inadvertently* left in the body *(see, Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427 [a discovery rule]), but also inhaled, ingested or injected materials which are *assimilated* into the body (the exposure rule applicable here), the court held that the cause of action accrues and "the limitations period begins with the injury-causing malfunction of the product" *(Martin v Edwards Labs.,* 60 NY2d 417, 425, *supra; cf. Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). Thus, *Martin* presents no support for the position adopted at Special Term and, indeed, does not represent authority for a "discovery" standard, for the limitation-triggering malfunction may not be coterminous with discovery of the resultant injury.

The plaintiff's cause of action could not be time barred before it accrued, and prior manifestations allegedly caused by his extended exposure did not operate to create a "discovery" accrual date. Rather, the plaintiff's cause of action for per-

sonal injury accrued upon his last exposure to the allegedly deleterious substance, and there is no authority for a " 'discoverability' exception to the date of last exposure rule" *(Bradley v Burroughs Wellcome Co.,* 116 AD2d 548; *Ward v Desachem Co.,* 771 F2d 663, 666). Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.