Anne G. McGuirk, Appellant, v City School District of the City of Albany, Respondent.

Third Department, April 24, 1986

## APPEARANCES OF COUNSEL

*John J. Glavin, Sr. (MargaretAnne Khoury* of counsel), for appellant.

*Stephen W. Herrick* for respondent.

## OPINION OF THE COURT

LEVINE, J.

Plaintiff, a long-tenured teacher, entered into an employment contract with defendant school district for a nine-month term from October 1, 1980 to June 30, 1981, at which time plaintiff was due to retire. The contract stipulated that she was to teach 24 hours a week at the rate of $12.11 an hour. A collective bargaining agreement was also in effect covering plaintiff's employment, which incorporated the provisions of Education Law § 2510 requiring teaching work reductions to be applied in reverse order of seniority. The collective bargaining agreement also granted teachers a retirement bonus and provided a grievance/arbitration procedure for the resolution of disputes thereunder between the school district and its teacher employees.

On November 24, 1980, defendant substantially reduced plaintiff's workweek and corresponding salary. Asserting that this was in violation of her seniority rights, plaintiff filed a claim on January 20, 1981 with defendant seeking damages for her resultant reduction in salary and retirement bonus. Plaintiff also invoked the grievance/arbitration machinery of the collective bargaining agreement on a claimed violation of that contract. Following hearings, the arbitrator rendered an award ruling that plaintiff was a third-party beneficiary of the collective bargaining agreement's seniority provision, which had been violated when plaintiff's workload and salary were reduced. No monetary award was made, however, and on request for further clarification, the arbitrator adhered to his original denial of any award of damages on plaintiff's claim for lost salary. Plaintiff then made an application pursuant to CPLR 7511 to vacate or modify the arbitration award. When this was denied, plaintiff appealed defendant's reduction in her workweek to the State Commissioner of Education. This claim was similarly rejected as either untimely or barred by reason of election of remedies.

It was only after the conclusion of the foregoing various proceedings that plaintiff brought the instant civil action on December 29, 1983 against defendant. Plaintiff sought dam-

ages consisting of lost wages and reduction in her retirement bonus on theories of breach of her employment contract and of the collective bargaining agreement and of violation of the seniority preference requirements of Education Law § 2510. Defendant moved to dismiss the complaint on the ground that plaintiff's action was time barred under Education Law § 3813 (2-b) (as amended by L 1981, ch 855, § 1, eff July 31, 1981), which limited the time to commence actions against school districts to one year after the cause of action arose. Special Term held that plaintiff's causes of action accrued prior to July 22, 1981, almost 2½ years before the action was commenced, and was thus barred by the Statute of Limitations. Plaintiff appeals from the dismissal of her complaint which followed.

Plaintiff's cause of action accrued and any damages she sustained were clearly ascertainable at the time she filed her verified claim with defendant in January 1981 or, at the latest, when she submitted her claim to arbitration on June 21, 1981. Therefore, the dispositive issue on this appeal is whether the one-year period of limitations contained in Education Law § 3813 (2-b), enacted subsequent to the accrual of her claim, should be given retrospective effect. Otherwise, plaintiff's action would be governed by the six-year period of limitations generally applicable to breach of contract actions at the time her causes of action accrued (CPLR 213 [2]).

There is no constitutional impediment to legislation retroactively either extending a period of limitations or shortening such period, providing that a party has a reasonable time to commence the action under the shortened period *(Dunkum v Maceck Bldg. Corp.,* 256 NY 275, 286; *Matter of Dee v State Tax Commn.,* 257 App Div 531, 535, *affd* 282 NY 617; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 59; 35 NY Jur, Limitations and Laches, § 21, at 502 [1964]). However, statutory modifications of periods of limitation are construed to apply only prospectively to actions accruing after enactment, unless the contrary legislative intent is clearly shown *(People v Cohen,* 245 NY 419, 421).

In our view, the intent of the Legislature to give retrospective effect to subdivision (2-b) of section 3813 was clearly evinced. It should be pointed out that retroactivity need not be explicitly set forth in the statute. Courts have employed customary tools of construction to find the requisite intent to give retroactive effect to new laws affecting periods of limitation even in the absence of such explicit language *(see, Matter*

of *Beary v City of New York,* 44 NY2d 398, 410; *Matter of Meegan S. v Donald T.,* 103 AD2d 913, *revd on other grounds* 64 NY2d 751). Here, the limiting amendment was expressly provided to take effect immediately (L 1981, ch 855, § 2), a factor consistent with the purpose of giving it retroactive effect *(see, Matter of Cady v County of Broome,* 87 AD2d 964, 965, *lv denied* 57 NY2d 602). More significantly, the 1981 amendment under consideration also added a new subdivision (2-a) to section 3813, authorizing a court to extend the three-month period within which to file claims against school districts on various grounds. This change, however, was expressly made inapplicable to "claims arising out of contracts entered into by the parties before the effective date of this subdivision" (Education Law § 3813 [2-a]). The failure of the Legislature to incorporate similar prospective language in subdivision (2-b) of the same bill constitutes strong, if not "irrefutable" evidence that subdivision (2-b) was intended to have retrospective effect *(see, Matter of Schultz Mgt. v Board of Stds. & Appeals,* 103 AD2d 687, 688-689, *affd* 64 NY2d 1057; *see also, Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345-346; *Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209).

We further conclude that, under the circumstances, plaintiff had a reasonable time within which to prosecute her claim under the statute and, hence, her delay in initiating this action for more than two years after the statute's effective date cannot be excused *(see, Halsted v Silberstein,* 196 NY 1, 16-17; *see also, Rexford v Knight,* 11 NY 308, 313). Special Term was thus correct in dismissing the complaint as time barred.

KANE, J. P., CASEY, WEISS and HARVEY, JJ., concur.

Order affirmed, without costs.