■ RICHARD RIEBOW et al., Individually and as Parents and Natural Guardians of RICHARD RIEBOW, II, an Infant, Appellants, v QUEMETCO, INC., a Subsidiary of RSR CORPORATION, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs Richard Riebow and Eileen Riebow appeal from so much of an order of the Supreme Court, Orange County (Green, J.), dated June 18, 1987, as granted that branch of the defendant's renewed motion which was to dismiss the fourth and fifth causes of action as time barred by the applicable Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the defendant's renewed motion which was to dismiss is denied, and the fourth and fifth causes of action asserted in the complaint are reinstated.

The plaintiffs commenced this lawsuit on or about July 28, 1980, seeking damages arising out of the lead poisoning of their infant son, the plaintiff Richard Riebow. The complaint alleged that Richard's lead poisoning was caused by his exposure to lead dust brought home by his father who was employed at the defendant's smelting plant.

After interposing its answer, the defendant moved for summary judgment dismissing the plaintiff parents' derivative claim as time barred by the applicable three-year Statute of Limitations (CPLR 214 [5]). In support of its motion the defendant submitted evidence that Richard was hospitalized and diagnosed as having lead poisoning on May 17, 1977, more

than three years prior to commencement of the action. The defendant also furnished proof that Richard's father was made aware of his potential claim against the defendant three to four weeks after Richard's hospitalization, also more than three years before the action was commenced. The Supreme Court dismissed the derivative claims, finding that Richard's last exposure to lead particles occurred no later than May 17, 1977, the date of his hospitalization. We reverse.

It is well settled that the time to commence an action to recover damages for injuries resulting from the ingestion of a chemical substance runs "from the last exposure to the substance, not from discovery of the injury" *(Martin v Edwards Labs.,* 60 NY2d 417, 426; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008). This rule is applicable even where the last exposure occurs after—rather than before—discovery of the harm *(Ward v Desachem Co.,* 771 F2d 663, 667; *Harrell v Koppers Co.,* 118 AD2d 682; *Bradley v Burroughs Wellcome Co.,* 116 AD2d 548, 549).

Since the record indicates that Richard's father continued to work at the defendant plant for up to a year and one half after Richard's hospitalization, we find that a triable issue of fact exists regarding the date of Richard's last exposure to lead particles and the applicable accrual date for the appellants' derivative causes of action *(see, Matter of Parker v Port Auth.,* 113 AD2d 763, 765). Accordingly, the Supreme Court's dismissal of the fourth and fifth causes of action was improper. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.