OPINION OF THE COURT
Robert G. Hurlbutt, J.
All defendants, acting through counsel for defendant Eastman Chemical Products, Inc., move for an order dismissing plaintiffs’ complaint upon various grounds and pursuant to various subdivisions of CPLR 3211 (a). Essentially, dismissal is sought on two bases — facial deficiencies in the complaint amounting to failure to state a cause of action (CPLR 3211 [a] [7]), and failure to comply with CPLR 3013, and that the action may not be maintained because assertion of the various causes of action in the complaint is barred by the respective Statutes of Limitations (CPLR 3211 [a] [5]).
The action was commenced by service of a summons with notice on each of the various defendants between November 7 and November 14, 1988. The complaint alleges that plaintiff James Glod was an employee of the Morrill Press, a division of Engrath, Inc., at its Fulton, New York, facility from August 1982 "through and including November 15, 1985.” It is further alleged that the various defendants are "designers, producers, manufacturers, packagers, equippers, suppliers, distributors, retailers and/or sellers of chemicals, chemical compounds, chemical solutions, chemical treatments, chemical derivatives, chemical products and/or chemical goods”, and that such chemical products were sold by the various defendants to Morrill Press. Plaintiff further alleges that due to his *202 exposure to the chemicals either manufactured, processed or sold by the various defendants to Morrill Press and specifically from inhaling the fumes thereof, James Glod sustained serious injuries, generally described in the motion papers as a condition of asthma. Essentially based on these facts, the complaint seeks, in addition to a derivative action on the part of Lisa Glod, damages for the injuries alleged to have been sustained by James Glod upon respective theories of strict liability, negligence, breach of express contract of which plaintiff was a third-party beneficiary, breach of express warranty, breach of implied warranty of merchantable quality, breach of implied warranty of fitness for a particular purpose, and violation of "laws, statutes, ordinances, codes, and regulations.”
CPLR 3211 DISMISSAL
Defendants point to various claimed deficiencies and inadequacies in the complaint and in connection with the various causes of action asserted, including a lack of specificity as to dates and times of exposure, failure to allege the precise chemical or chemicals claimed to constitute or compose all or a part of the alleged defective product or products, and the omission of any particularization as to the identity of a given defendant’s product and its date of sale or delivery.
The motion to dismiss for failure to state a cause of action is granted as to the seventh stated cause of action. The paragraphs containing that cause of action recite merely that statutes, ordinances, codes and regulations have been violated, without any reference to a specific statute, ordinance or regulation which creates a cause of action in favor of the plaintiff. Accordingly, no cause of action is stated and the motion to dismiss is granted. Plaintiff is granted leave to move to amend the complaint to add a statutory cause of action in the event that one exists to be asserted.
With respect to all other stated causes of action, the lack of specificity is not fatal and those causes of action as pleaded sufficiently comply with the requirements of CPLR 3013. A CPLR 3211 (a) (7) dismissal motion must be denied if the complaint, read in its entirety, manifests any action cognizable at law. (Guggenheimer v Ginzburg, 43 NY2d 268, 275; Green v Leibowitz, 118 AD2d 756; Holly v Pennysaver Corp., 98 AD2d 570; Etterle v Excelsior Ins. Co., 74 AD2d 436.) The pleadings here are sufficient to give the court and the parties *203 notice of the transactions or occurrences intended to be proved and the material elements of each stated cause of action. Accordingly, and consistent with CPLR 3026, the motion to dismiss with respect to the first through sixth and eighth causes of action must be and hereby is denied. (Green v Leibowitz, supra; Etterle v Excelsior Ins. Co., supra; see generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3013:ll, C3013:12, at 618-619.)
STATUTE OF LIMITATIONS DISMISSAL MOTION
Defendants move for dismissal of plaintiffs’ first and second causes of action, sounding in strict liability and in negligence, upon the ground that this action was not commenced within the time permitted under the three-year limitation for such actions of CPLR 214-c. Plaintiffs respond in opposition that CPLR 214-c does not apply in this instance, but rather the limitations period of CPLR 214 applies. Alternatively, plaintiff seeks a determination that CPLR 214-c is unconstitutional as applied to his claims in this case.
CPLR 214-c was enacted by the Legislature as a major part of the so-called Toxic Torts Bill (L 1986, ch 682), and was signed into law by the Governor on July 30, 1986. As is pointed out in the Governor’s approval memorandum, the bill, which also included a revival statute as to toxic torts involving some five specifically named substances, was intended to change the long-established rule in New York that causes of action based on exposure to toxic substances accrued as of the date of last exposure thereto, irrespective of when the injuries resulting from such exposure might first manifest themselves. First enunciated by the Court of Appeals in Schmidt v Merchants Desp. Transp. Co. (270 NY 287 [1936]), this so-called last exposure rule, notwithstanding that in many instances it outlawed plaintiffs’ claims before they were even aware of their injuries, was embraced by the court until the Legislature’s action in 1986. (See, e.g., Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212; Thornton v Roosevelt Hosp., 47 NY2d 780; Matter of Steinhardt v Johns-Manville Corp., 54 NY2d 1008; Fleishman v Lilly & Co., 62 NY2d 888; cf., Martin v Edwards Labs., 60 NY2d 417.) The enactment of section 214-c aligned New York with at least 40 other States (see, Governor’s approval mem, 1986 McKinney’s Session Laws of NY, at 3182) in eliminating the date of exposure to the toxic substance as a measuring date for commencement of the time *204 within which suit might be brought and substituting therefor as a cause of action accrual date the time that plaintiff actually or constructively discovers his or her injury. Thus, CPLR 214-c provides in part:
"1. In this section: ’exposure’ means direct or indirect exposure by absorption, contact, ingestion, inhalation or injection.
"2. Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.”
Under section 214-c (4), a plaintiff who was unable to ascertain the cause of a known injury due to the lack of scientific or medical knowledge receives an additional one year in which to bring suit, but only if discovery of the cause was made within five years of discovery of the injury.
Most relevant to the issues in this case is subdivision (6) of section 214-c, which provides as follows:
"6. This section shall be applicable to acts, omissions or failures occurring prior to, on or after July first, nineteen hundred eighty-six, except that this section shall not be applicable to any act, omission or failure:
"(a) which occurred prior to July first, nineteen hundred eighty-six, and
"(b) which caused or contributed to an injury that either was discovered or through the exercise of reasonable diligence should have been discovered prior to such date, and
"(c) an action for which was or would have been barred because the applicable period of limitation had expired prior to such date.”
While the language of this subdivision is not altogether clear, it is clear that it is intended that section 214-c be retrospective, since section 214-c is made applicable to "acts, omissions or failures occurring prior to, on or after July first, nineteen hundred eighty-six”. (Emphasis added.) The only exception is circumstances in which a plaintiff had actual or constructive knowledge of his injury prior to July 1, 1986, and *205 more than three years elapsed between the time of his last exposure and July 1, 1986, so that under CPLR 214 his action would have been barred before that date. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 214-c, 1989 Pocket Part, at 333.)
According to the complaint, plaintiff James Glod was last exposed to the alleged toxic substances on November 15, 1985. Thus, if CPLR 214-c does not apply and the last exposure rule pursuant to section 214 does apply, this action was timely commenced. There is no doubt, however, that if section 214-c and not section 214 applies, then plaintiffs’ causes of action in strict liability and negligence are barred, because the action was commenced more than three years from the date of Mr. Glod’s discovery of his injuries. Plaintiffs concede in their motion papers, which contain copies of various medical records, that James Glod first sought and received medical attention for his asthma condition in November 1984, and was briefly hospitalized due to severe asthma in April 1985. Although no documentary evidence was submitted, plaintiffs’ counsel with commendable candor conceded that a workers’ compensation claim based on work-related asthma had been filed by plaintiff James Glod on or before April 1985. Finally, on March 25, 1986, plaintiff’s then physician, Dr. J. M. Miller, made a firm diagnosis that plaintiff’s chronic refractory bronchial asthma was the result of exposure to hydrocarbon chemicals in the workplace. Thus, if section 214-c is applicable to plaintiffs’ claims here, their action would have been barred after April of 1988, at the latest.
There is no question but that section 214-c applies to the plaintiffs’ claims. As already noted, section 214-c is expressly made retrospective by subdivision (6). Moreover, subdivision (2) expressly overrides the provisions of section 214, and section 214 was contemporaneously amended to add to subdivision (5), effective July 30, 1986, "except as provided in sections 214-b, 214-c and 215”. Plaintiffs assert in support of their claim that section 214-c does not apply here, that the plaintiff’s injuries were patent and not latent. Subdivision (2) of section 214-c makes the discovery of injury accrual applicable in all actions to recover damages "for personal injury * * * caused by the latent effects of exposure to any substance or combination of substances * * * upon or within the body”. "Exposure” is defined by subdivision (1) to mean "direct or indirect exposure by absorption, contact, ingestion, inhalation or injection.” Plaintiffs’ claims are based on James Glod’s *206 inhalation of toxic chemicals and the admittedly belated and, therefore, latent effects thereof. Quite clearly, if section 214-c has application in any toxic substance personal injury claim, it has application in this one.
Plaintiffs correctly assert that the Legislature’s intent in enacting section 214-c was to expand and not to shorten the time period in which to commence suit. That will doubtless be the effect of the legislation in the vast majority of instances. However, the primary intent of the Legislature was not necessarily to prolong the period of limitations in all cases but, rather, to change the court-made date of exposure accrual of the case of action in toxic substances cases to the more reasonable accrual date of the manifestation of the injury itself. Presumably the Legislature was aware, in enacting section 214-c, of cases such as Ward v Desachem Co. (771 F2d 663 [2d Cir 1985]) and Bradley v Burroughs Wellcome Co. (116 AD2d 548), which held that a toxic substance exposure case was timely commenced if within three years of the plaintiff’s last exposure, notwithstanding that action was brought more than three years after discovery of the injury. There is certainly nothing in the language of the statute as enacted from which one can discern a legislative intent to differentiate between cases where a toxic tort plaintiff’s injury is discovered before rather than after the cessation of his exposure to the toxic substance. I therefore conclude that CPLR 214-c applies to this case and requires that suit have been commenced within three years after actual or constructive discovery by plaintiff James Glod of his injury.
Plaintiff argues alternatively that he did not discover the cause of his injury until September of 1988 when, apparently pursuant to prelitigation discovery, he ascertained the specific chemicals in use at his place of employment. He therefore claims the benefit of CPLR 214-c (4) and that his period of limitations was one year from September 1988. This claim must fail for two reasons. First, this court does not accept the limited meaning of "discovery of the cause of injury” as contained within subdivision (4) as is used by plaintiffs, that is, that there was no discovery of the cause of injury until the identities of the specific chemicals involved were ascertained. Rather, it is felt that a more reasonable construction is that a plaintiff has discovered the cause of his injury when a medical or scientific connection is made between exposure to substances within a given environment and the plaintiff’s illness. The precise chemical composition of the substance need not be *207 identified in order for the plaintiff to have ascertained the cause of his injuries. Additionally, plaintiffs have not alleged that the state of medical and scientific knowledge during the three years following discovery of the injury prevented his ascertaining the cause thereof. In fact, it appears that the contrary is the case, since plaintiff was apprised of the cause of his injuries no later than March 23, 1986, and in all likelihood in April 1985 when he filed his claim for workers’ compensation.
Finally, plaintiffs seek in the alternative to have CPLR 214-c declared unconstitutional as it applies to this action. Plaintiffs’ theory in this regard is that the statute, by shortening the period of limitations for a cause of action already accrued in their favor at the time of its enactment, constitutes an unconstitutional taking of property without due process of law in violation of the Fourteenth Amendment to the US Constitution. Without doubt, the enactment of section 214-c did have the effect of shortening the time within which suit was required to be commenced for these claims. As already noted, under CPLR 214, applicable prior to the enactment of section 214-c, this action would have been timely if brought within three years after November 15, 1985, the date of James Clod’s last exposure to the alleged toxic substances. (CPLR 214; Fleishman v Lilly & Co., 62 NY2d 888, supra; Bradley v Burroughs Wellcome Co., 116 AD2d 548, supra; see also, Bikowicz v Nedco Pharmacy, 130 AD2d 89; Harrell v Koppers Co., 118 AD2d 682.) Under section 214-c the limitation might be said to have run as early as November 1987, three years after plaintiff’s first treatment for the asthma condition, but certainly no later than April 1988, three years following plaintiff’s hospitalization for asthma and his filing of a workers’ compensation claim based thereon. The question is whether this shortening of the limitations period works an unconstitutional deprivation of due process as to plaintiffs.
It is well established that the Legislature may reduce periods of limitation for the commencement of an action and make such reductions applicable to causes of action already accrued so long as there remains a reasonable time for the commencement of suit. (Dunkum v Maceck Bldg. Corp., 256 NY 275; Gilbert v Ackerman, 159 NY 118; Rexford v Knight, 11 NY 308 [1854]; City of Utica v Weaver, 2 AD2d 456; see generally, 75 NY Jur 2d, Limitations and Laches, § 49.) The Legislature in enacting section 214-c made no express provision as to accrued causes of action beyond subdivision (6), *208 which does not specifically address circumstances in which a plaintiff has discovered his injuries prior to the date of his last exposure to the toxic substance. Without doubt, had plaintiff’s period of limitations already expired on or before July 1, 1986 when calculated from the date of discovery of his injuries, the statute would be unconstitutional as applied to him because he would have been afforded no time whatsoever within which to bring suit. (Gilbert v Ackerman, 159 NY 118, supra; see also, Rubinstein v French Hosp., 51 AD2d 563 [court refuses to apply transitional provisions of CPLR 218 to amendment of CPLR 208]; O’Connor v Maine-Endwell Cent. School Dist., 133 Misc 2d 1126.) However, under the circumstances here, plaintiffs were afforded at least 15 months and probably 20 months within which to commence their action. Applying the three-year period of limitations from the first possible accrual date of November 1984, plaintiffs would have had until November 1987, or 15 months following July 30, 1986. The period would lengthen to 20 months if the more probable date of discovery of the injury of April 1985 were employed.
A recent case in point is McGuirk v City School Dist. (116 AD2d 363). In McGuirk, the Legislature had shortened the usual six-year contract limitation period to one year in connection with contract actions against school districts by enacting Education Law § 3813 (2-b). The court found that plaintiff’s cause of action accrued in January 1981 "or, at the latest, when she submitted her claim to arbitration on June 21, 1981.” (McGuirk v City School Dist., supra, at 365.) The effective date of the amendment to Education Law § 3813 was July 31, 1981, so that, because it was retroactive, plaintiff’s period of limitations expired either in January 1982 or no later than June 21, 1982. The action was brought on December 29, 1983. The court concluded that "under the circumstances, plaintiff had a reasonable time within which to prosecute her claim under the statute” (McGuirk v City School Dist., supra, at 366), and affirmed a dismissal of the complaint as time barred. Thus, it was found that the six-month period between the effective date of the limitation-shortening amendment of July 31, 1981 and either January 1982 or June 1982, when plaintiff was time barred in accordance with the retroactive application of the amendment, was a reasonable time within which to bring suit, and satisfied constitutional due process requirements. Here, plaintiffs had no less than 15 months within which to commence their action, a fortiori a reasonable time. Accordingly, CPLR 214-c is not unconstitu *209 tional as applied in this case, and the first and second causes of action in plaintiffs’ complaint must be dismissed as not timely commenced.
The third, fourth, fifth and sixth causes of action, as well as derivatively the eighth, are based upon breach of contract for the sale of goods. The applicable period of limitations for such claims is four years from the date of the last tender of delivery of the goods. (UCC 2-725; Heller v U. S. Suzuki Motor Corp., 64 NY2d 407.) There has been no showing that this action was commenced more than four years after the last applicable tender of delivery of goods as to any or all of the defendants. Accordingly, the motion to dismiss pursuant to CPLR 3211 (a) (5) must be denied as to the third, fourth, fifth, sixth and eighth causes of action of the complaint.
Defendants may have an order granting dismissal of plaintiffs’ seventh stated cause of action pursuant to CPLR 3211 (a) (7); granting dismissal of the first and second stated causes of action pursuant to CPLR 3211 (a) (5); denying all other motions of the defendants, without prejudice; denying plaintiff’s cross motion to amend pursuant to CPLR 3025 (b), without prejudice; and denying plaintiffs’ cross motion to declare the unconstitutionality of CPLR 214-c. A proposed order may be submitted directly to my chambers without notice.