OPINION OF THE COURT
Irving Fudeman, J.
In September of 1977, the plaintiffs, Linda and Frank Militello (Militellos), took possession of a newly constructed home which they had purchased from the defendant, Frank & *1057 Leo Piotrowski Builders, Inc. (Piotrowski). The furnace, ventilation pipes and chimney had been installed by the defendant, Warren Belknap Heating & Cooling Co., Inc. (Belknap).
In September of 1985, a contractor, who had done some service work for the Militellos with respect to a heat pump, informed the Militellos that there was a high level of carbon monoxide and methane in their home and told them that they should notify the gas company. Previous to this time, both of the Militellos’ children, the infant plaintiff, Anthony, and the infant plaintiff, Lori, had been exhibiting abnormal behavior and experiencing various symptoms of physical problems.
The Militellos notified the gas company and on October 16, 1985, the gas company inspected the Militellos’ home. The inspection showed that the basement of the Militellos’ home was dangerously saturated with a high level of carbon monoxide. Immediately thereafter the gas company discontinued gas service to the home. The Militellos then notified Piotrowski. On November 15, 1985, Piotrowski had the heating system changed, which primarily involved elevating the chimney to vent above the peak of the roof. After this was done the condition of both infant plaintiffs improved dramatically.
The plaintiffs claim that the infant plaintiffs, Anthony and Lori, sustained personal injuries by reason of their inhaling the various exhaust substances which were present in the Militellos’ home because Belknap designed and installed their furnace, ventilation pipes and chimney negligently. The plaintiffs bring this action to recover money damages for the injuries sustained by the infants, Anthony and Lori, and for the medical expenses and loss of services sustained as a result of said injuries.
Belknap now seeks leave to serve an amended answer setting forth the affirmative defense of Statute of Limitations as to the derivative causes of action of the Militellos.
Prior to the enactment of CPLR 214-c, whose effective date was July 30, 1986, a cause of action for personal injuries accrued upon a person’s last exposure to the allegedly deleterious substance and such person had three years thereafter within which to commence an action (see, Harrell v Koppers Co., 118 AD2d 682; Bradley v Burroughs Wellcome Co., 116 AD2d 548; Ward v Desachem Co., 771 F2d 663 [2d Cir]).
Belknap argues that by enacting CPLR 214-c, the Legislature eliminated the date of "last exposure” as the accrual date and that since the express language of CPLR 214-c states that *1058 the statute must be applied retroactively, the derivative causes of action of the Militellos would be time barred or at the very least there would be a factual issue as to whether or not the causes of action would be time barred. The court cannot agree.
Had the Legislature not enacted CPLR 214-c, the Militellos’ action would have been timely, since it had been commenced in 1987 and the last exposure of the infant plaintiffs to the exhaust substances occurred in 1985. The enactment in 1986 of CPLR 214-c did not change this.
"Where a statute of limitations shortens the time for the enforcement of an existing right the Legislature must nevertheless afford the parties a reasonable time in which to prosecute their claims” (McKinney’s Cons Laws of NY, Book 1, Statutes § 59; see also, 2 Carmody-Wait 2d, NY Prac § 13:22); otherwise the statute would be unconstitutional (see, Gilbert v Ackerman, 159 NY 118).
The fact that the Legislature did not provide in CPLR 214-c a time within which parties with existing claims could prosecute the same clearly indicates that CPLR 214-c was not intended to time bar any claim which existed at the time of its enactment.
While it is true that motions to amend pleadings should be freely given, it is also true that the court should not grant such relief if the proposed amendment lacks merit. The motion of Belknap to amend its answer is therefore denied.