WILLIAM DEININGER and Others, Suing as Stockholders of GENERAL BAKING CORPORATION, in Behalf of Themselves and of All Other Stockholders of Said Corporation, Respondents, v. WILLIAM B. WARD and Others, Defendants, Impleaded with WARD SECURITIES CORPORATION, Appellant.   (Appeal No. 1).

Second Department, November 12, 1926.

Corporations — representative action against directors and others for misappropriation of corporate funds — only one cause of action stated — not necessary to allege what defendants did with money — plaintiffs anticipated defense that money was taken to purchase stock in corporation and allege that such purpose would be illegal under statutes of Maryland where corporation was organized — defendants have right to be informed of particular statutes of Maryland referred to — allegation that defendants have profited by " other similar stock transactions " is stricken out — plaintiffs are required to furnish statement of statutes.

The complaint in this representative action, brought against directors and others for the misappropriation of corporate funds, sets out a single cause of action.

The plaintiffs unnecessarily allege what the defendants did with the money misappropriated, but this allegation does not prejudice the defendants in any way. However, since the plaintiffs have alleged that the money was taken for the purpose of buying stock of the corporation, and that such purpose was illegal under the statutes of Maryland, the State in which the corporation was organized, the defendants are entitled to know the particular statutes of that State to which the plaintiffs refer.

An allegation in the complaint that the defendants have profited " by the aforesaid and other similar stock transactions " is indefinite, and the words " other similar stock transactions " are stricken out.

While the defendants are entitled to know the particular statutes referred to, it is not necessary that the plaintiffs serve an amended complaint, and the plaintiffs are directed to serve upon the defendants' attorneys within twenty days a statement of the various statutes of Maryland referred to in the complaint, giving the title of the acts, the date of passage and such other information as may be necessary to identify the statutes.

Second Department, November, 1926.          [Vol. 218

APPEAL by the defendant, Ward Securities Corporation, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 12th day of June, 1926, as resettled by an order entered in said clerk's office on the 23d day of June, 1926, denying said defendant's motion (1) to make the complaint more definite and certain in various particulars, (2) to separately state and number alleged separate causes of action, (3) to strike out certain paragraphs in the complaint as redundant, irrelevant, unnecessary and immaterial.

*Isaac N. Mills* [*Ralph S. Kent* with him on the brief], for the appellant Ward Securities Corporation and for William B. Ward.

*Frederick P. Close* [*Allan R. Campbell* and *Mark Hyman* with him on the brief], for the respondents.

KELLY, P. J.   I think the complaint states but one cause of action, viz., for misappropriation of corporate funds of the General Baking Corporation by the individual defendants, who are said to have used the money of the baking corporation for the benefit of defendant Ward and the securities corporation without authority and in violation of law.   It is true that plaintiffs, unnecessarily in my opinion, go on to allege what the defendants did with the money so unlawfully obtained.   But I do not see how the defendants are prejudiced by this additional information.   It is apparent from the argument and points of the defendants that they assert that the money taken by them was used to purchase stock of the baking corporation.   The plaintiffs, apparently anticipating this defense, see fit to deny that the funds so improperly taken were used for the purpose indicated, and they charge that any such use would be contrary to law.   The learned counsel for defendants says in his points that the action is brought " to have adjudged invalid a certain transaction by which the directors of " the baking corporation " purchased certain stock of that corporation from the defendant, the Ward Securities Corporation, which latter corporation was owned and controlled by the defendant Ward."   But, as I read the complaint, that is not the cause of action pleaded. I can see no reason for compelling a separate statement of causes of action, or for making the complaint more definite and certain. But, as plaintiffs have seen fit to anticipate the defense and to allege that certain of defendants' actions were contrary to the laws of the State of Maryland in which the baking corporation was organized, I think the defendants are entitled to know what particular statutes of that State are referred to.   It is unnecessary to serve an amended complaint to give them this information. In one other particular the complaint appears indefinite, viz.,

where it alleges that defendants have profited "by the aforesaid and other similar stock transactions." I think the reference to "other similar stock transactions" should be eliminated. This action should be confined to the transaction which is the basis of this particular action.

For the reasons stated, I think the order denying defendants' motion to compel service of an amended complaint, etc., should be modified by providing that within twenty days after service of the order of this court, the plaintiffs shall serve upon the attorneys for the several defendants, appellants, a statement of the various statutes of the State of Maryland referred to in paragraphs 19, 20 and 21 of the complaint, giving the title of the acts referred to, date of passage, and such other information as may be necessary to identify the statute, and if the alleged violation of the law depends upon the provisions of some particular section or part of the statute, the plaintiffs shall so state, indicating the particular portion of the act referred to. Also by directing that the words in paragraph 23 of the complaint, " and other similar stock transactions,' should be stricken out as irrelevant and immaterial, and as so modified the order appealed from should be affirmed, without costs.

JAYCOX, MANNING, YOUNG and LAZANSKY, JJ., concur.

Order denying defendants' motion to compel service of an amended complaint, etc., modified in accordance with opinion and as so modified affirmed, without costs. Defendants' time to answer extended for twenty days after service of the statement required. Settle order on notice.