### (February 16, 1973)

■ ALFRED A. BRUGMAN et al., Doing Business as FRED'S BICYCLE SHOP, Respondents, v. COUNTY OF NASSAU, Defendant, and DAVIS CONSTRUCTION CORPORATION, Appellant.— On the court's own motion, its decision and order herein, both dated February 13, 1973 (41 A D 2d 653), are amended by deleting therefrom the provisions "with $20 costs and disbursements to plaintiffs" and by substituting therefor the following: "without costs". Martuscello, Acting P. J., Latham, Shapiro and Brennan, JJ., concur.

### (February 20, 1973)

■ ROSE HOHENBERG et al., Appellants, v. HARRY SCHOR, Respondent.— In a proceeding *inter alia* to remove to the Supreme Court from the Civil Court of the City of New York a negligence and nuisance action to recover damages for personal injuries to plaintiff Rose Hohenberg and loss of services and medical expenses incurred by her husband, plaintiffs appeal from an order of the Supreme Court, Kings County, dated May 2, 1972, which denied the application. Order modified, by striking from the decretal paragraph thereof the words "in all respects" and adding thereto, immediately after the provision that the motion is "denied", the following: "except that it is granted insofar as it seeks to amend item 7 of the bill of particulars as set forth in plaintiffs' proposed bill of particulars and defendant may conduct a further physical examination of the injured plaintiff upon written notice of not less than 10 days." As so modified, order affirmed, without costs. The amended item 7 shall be deemed to have been served. In our opinion, the allegations in the moving affidavits do not warrant a return of this action to the Supreme Court, where it was initially commenced. However, the bill of particulars should be permitted to be amended so as to reflect the findings of the later physical examination, which the physician deposed were causally related to the accident. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.