■ NEAL CIRASUOLO, Respondent, v ROBERT D. CAHILL et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: In this automobile negligence action, the trial court instructed the jury it could conclude that plaintiff sustained a serious injury if it found he sustained either (a) a permanent loss of use of a body function or system; (b) a significant limitation of use of a body function or system; or (c) a medically determined injury or impairment of a nonpermanent nature which prevented plaintiff from performing substantially all of the material acts which constitute his usual and customary daily activities for not less than 90 days during the 180 days following the accident (see, Insurance Law § 5102 [d]). The jury rendered a general verdict in favor of plaintiff in the sum of $50,000 for his injuries.

On this appeal, defendants contend that there is insufficient evidence to sustain the verdict under any of the three definitions of serious injury, and, in any event, it was error to deny defendants' request that the matter be submitted to the jury for special findings on each of the three definitions. We disagree. There is sufficient evidence in the record to support a finding of serious injury under all three definitions submitted to the jury. Where multiple theories of liability are involved it is desirable to submit the case to the jury for special findings, for if one of the theories is untenable, a general verdict may not stand (see, Finkle v Zimmerman, 26 AD2d 179, 181). Here, however, the general verdict is proper since all three theories are supported by the record.

Defendants further argue that the court erred in admitting evidence of economic loss. The error, if any, does not warrant reversal, for the jury made no award for economic loss and we find no other prejudice to defendants because of the admission of this evidence. (Appeal from judgment of Supreme Court, Oneida County, Hayes, J.—auto negligence.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Pine, JJ.