■ James Glod et al., Appellants-Respondents, v Morrill Press Division of Engraph, Inc., Defendant, and Ashland Chemical Company, a Division of Ashland Oil, Inc., et al., Respondents-Appellants.—Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs, in accordance with the following memorandum: Plaintiffs James and Lisa Glod commenced this action against defendants to recover for injuries sustained by James Glod as a result of exposure to chemicals at his place of employment. The complaint alleges causes of action in strict products liability, negligence, breach of contract, breach of express and implied warranties, and various statutory violations, as well as a derivative cause of action on behalf of Lisa Glod. Supreme Court granted defendants' motion to dismiss plaintiffs' strict products liability and negligence causes of action on the ground that they were time barred, and also dismissed plaintiffs' seventh cause of action, alleging various statutory violations, for failure to state a cause of action. For the reasons that follow, the order and judgment of Supreme Court must be modified.

Plaintiff James Glod commenced employment at Morrill Press in August 1982. In November 1984, he became ill and complained of cold-like symptoms. When it was determined in April 1985 that he was suffering from asthma, he filed a workers' compensation claim. Plaintiff left his employment with Morrill in November 1985. In March 1986, a physician concluded that plaintiff's asthma resulted from chemical exposure in the workplace. In September 1988, in the course of prelitigation discovery, plaintiff obtained a list of all the chemicals to which he was exposed during his employment. Suit was commenced against all defendants between November 7 and November 14, 1988.

In July 1986, the Legislature enacted CPLR 214-c. Prior thereto, a person injured by chemicals in the workplace was required to commence suit within three years from the date of last exposure to the hazardous substance (see, Matter of Steinhardt v Johns-Manville Corp., 54 NY2d 1008). Under CPLR 214-c (2), the three-year period within which an action must be commenced "shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier".

Plaintiff seeks to recover damages for personal injury "caused by the latent effects of exposure to" chemicals (CPLR 214-c [2]), and thus Supreme Court properly determined that CPLR 214-c applies. We also agree with Supreme Court's holding that CPLR 214-c is neither unconstitutional nor unconstitutionally applied to plaintiff. While we recognize that plaintiffs' suit would be timely under the date of last exposure rule, there is no constitutional impediment to legislation shortening a period of limitations, provided that a party has a reasonable time to commence the action under the shortened period (Dunkum v Maceck Bldg. Corp., 256 NY 275; Gilbert v Ackerman, 159 NY 118; McGuirk v City School Dist., 116 AD2d 363; McKinney's Cons Laws of NY, Book 1, Statutes § 59). Here, plaintiffs had at least 21 months after the enactment of CPLR 214-c in which to bring suit.

It was error, however, for Supreme Court to conclude, as a matter of law, that plaintiff discovered or should have discovered his injury on April 11, 1985. While plaintiff conceded that he filed a workers' compensation claim on or before that date, there is nothing in the record to establish conclusively that discovery of the injury occurred or should have occurred at that time. A determination of constructive discovery is a mixed question of law and fact (see, Trepuk v Frank, 44 NY2d

723, 724-725). Where it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could reasonably be inferred, the complaint should not be dismissed on motion and the question should be left to the trier of fact *(cf., Trepuk v Frank, supra,* at 725; *see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-c:2, at 633). Accordingly, plaintiffs' first and second causes of action should be reinstated.

Supreme Court dismissed plaintiffs' seventh cause of action in which it is alleged that defendant "violated various Federal, State, and local laws, ordinances, statutes, codes, and regulations." Leave was granted to plaintiffs "to move to amend the complaint to add a statutory cause of action in the event that one exists to be asserted." The cause of action should not have been dismissed. Defendants have neither answered nor requested a bill of particulars. The specific statutory references can be provided to defendants in a bill of particulars without the necessity of amending the complaint *(see, Brugman v County of Nassau,* 41 AD2d 653, *mod on other grounds* 41 AD2d 665; *Sacks v Town of Thompson,* 33 AD2d 627; *Deininger v Ward,* 218 App Div 235). Accordingly, the seventh cause of action should be reinstated.

We have reviewed the other issues raised by defendants on their cross appeal and find them to be without merit. (Appeals from order and judgment of Supreme Court, Oswego County, Hurlbutt, J.—dismiss causes of action.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ. *[See,* 145 Misc 2d 200.]