■ DAVID CHANG, an Infant, by His Father and Natural Guardian, STEVEN CHANG, et al., Respondents, v PATRICIA FRIGERI, as Executrix of ENRICO FRIGERI, Deceased, Appellant. —Order, Supreme Court, New York County (Bruce Wright, J.) entered May 24, 1990, which *inter alia* granted plaintiff's post-

trial motion to set aside the jury's damage award of $1,500,000 assessed 47% against defendant as being inadequate, and which directed a new trial as to damages only, unanimously affirmed, with costs.

Plaintiff brought this action to recover damages for personal injuries sustained by his infant son, which resulted from the alleged negligence of several residents at St. Vincent's Hospital during the birth of said child. The instant record contains ample evidence upon which a rational trier of fact could have made a finding that Dr. Frigeri, now deceased, the on call attending physician, failed to properly supervise the treatment provided to plaintiff's wife by the hospital's residents, and that his malpractice was a substantial and proximate cause of the infant's injuries (see, Cohen v Hallmark Cards, 45 NY2d 493).

We find, as did the trial court, that the award of damages by the jury deviated materially from what would be reasonable compensation given the extent of the infant plaintiff's permanent brain damage (see, CPLR 5501 [c]). However, the alternative ground advanced by the trial court for setting aside the verdict, that there was juror confusion and/or ambiguity in the special verdict sheet, was not, in the circumstances, a proper basis to set aside the jury's damage award. The matter was not brought to the trial court's attention prior to the jury's discharge when it could have been addressed (see, Booth v Penney Co., 169 AD2d 663). Further, the alleged confusion or ambiguity was expressed in the affidavits of only three jurors (see, Wylder v Viccari, 138 AD2d 482). Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.