■ CARMELO CRUZ, Respondent, v MT. SINAI HOSPITAL et al., Appellants, et al., Defendants. [594 NYS2d 776] —Judgment of the Supreme Court, Bronx County (Hansel McGee, J.), entered January 24, 1992, upon a jury verdict in favor of plaintiff against defendant Mt. Sinai Hospital in the amount of $15 million, exclusive of interest and costs, unanimously modified, on the law and the facts: (1) to dismiss the appeal of defendant Jaffin as taken from a non-appealable order and, (2) to direct a new trial on the issue of damages only, and otherwise affirmed unless, within 20 days after service of this order, plaintiff shall serve and file, in the office of the clerk of the trial court, a stipulation consenting to reduce the jury's total verdict from $15 million to $6.5 million, and to entry of an amended judgment in accordance therewith, in which event the judgment, as modified and reduced, is affirmed, without costs.

Plaintiff was delivered by Caesarean section at defendant hospital. He cried once, then failed to breathe. Plaintiff was thereupon suctioned three times for removal of heavy mucous from his lungs and given positive pressure oxygen. After six minutes, plaintiff began to breathe on his own. Although lethargic, grunting, and breathing with flared nostrils, his Apgar score of 5, taken shortly after birth, rose to a perfect 10. Plaintiff subsequently fed and behaved normally and was

discharged as a normal infant. However, plaintiff did not develop normally and suffers from cerebral palsy and quadriplegia, although with limited use of his left arm. Plaintiff, 17 years old at the time of trial, is of low, normal intelligence and attends regular public school.

Defendant Mt. Sinai Hospital was found liable for malpractice based primarily on the testimony of plaintiff's expert, Dr. Charash, that plaintiff's cerebral palsy is the result of oxygen deficiency (hypoxia) during the latter part of labor and shortly after birth. Because of the absence of seizures and lack of speech impairment and normal head size, the doctor concluded that the oxygen deficiency had not resulted in hypoxic ischemic encephalopathy, but periventricular leukomalacia ("PVL"), a form of cerebral palsy affecting the lower extremities most with the head and neck relatively uninvolved.

Defendants and the Medical Society of the State of New York, appearing *amicus curiae,* argue that it is medically impossible for the plaintiff to have contracted PVL under the circumstances presented based on three grounds—that PVL occurs only in premature infants, that it results only from bleeding of the germinal matrix, and that the germinal matrix always disappears in full-term infants. However, none of these premises was established upon the trial record. Some of the studies on which the *amicus curiae* now relies in arguing that cerebral palsy does not result from mismanaged delivery or other birth trauma nonetheless indicate that 6% of cases of cerebral palsy may be attributable to birth asphyxia in *full-term* infants—a small percentage, but hardly indicative of medical impossibility (Naeye, 143 Am J of Diseases of Children 1154 *et seq.* [Oct. 1989]). Most tellingly, the arguments now advanced in support of defendants' contention that the verdict is against the weight of the evidence rely on evidence dehors the record and not that which was adduced by defendants at trial. It suffices to state that the opinions of plaintiff's expert witnesses were sufficiently authoritative and not so severely contradicted as to render the verdict contrary to the weight of the evidence.

Defendant Jaffin appeals from the denial of his motions to dismiss plaintiff's action against him for failure to state a prima facie case and to set aside the verdict. The judgment, however, recites that the action was discontinued as against Dr. Jaffin. Trial rulings are subsumed in the final judgment and do not survive its entry as independent grounds for appeal *(Fonda Mfg. Corp. v Lincoln Laminating Corp.,* 72

AD2d 522, 523, *lv dismissed in part* 51 NY2d 727; *Jema Props. v McLeod,* 51 AD2d 702).

As to the asserted liability of the hospital for the actions of defendant Jaffin, the on-call attending physician, it is apparent that there was no physician-patient relationship between Dr. Jaffin and plaintiff. Unlike the case of *Chang v Frigeri* (176 AD2d 643), relied upon by plaintiff, there is no indication that Dr. Jaffin improperly supervised the residents. Indeed, his sole involvement was to confirm, by telephone, in accordance with proper medical procedure, the need to perform the Caesarean section. Plaintiff does not dispute the propriety of the procedure. Nor is there any evidence to support the contention of plaintiff's expert that the residents were too busy to attend plaintiff's mother, that Dr. Jaffin's presence at the hospital was requested or even that he was advised of facts that would have led him to believe that his assistance was necessary.

While the injuries suffered by plaintiff are truly devastating, we find that the amount of damages awarded by the jury "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]) and is thus excessive to the extent indicated *(see, Merrill v Albany Med. Ctr. Hosp.,* 126 AD2d 66, *appeal dismissed* 71 NY2d 990). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.