■ JAMES ROMAN, Respondent, v RADIO FREQUENCY COMPANY, INC., Appellant. [616 NYS2d 824] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied defendant's motion for summary judgment, but erred in striking defendant's third affirmative defense asserting the Statute of Limitations. Plaintiff commenced this action on August 12, 1988, for personal injuries allegedly caused by the inhalation of fumes from induction bonding machines manufactured by defendant. For eight years, plaintiff maintained the machines and was exposed to their fumes. On August 5, 1985, after a sudden escape of smoke and fumes from one of the machines, plaintiff began to suffer continuing lung congestion. It cannot be said as a matter of law that plaintiff "discovered" his injury under CPLR 214-c (2) on August 5, 1985. On August 26, 1985, plaintiff was diagnosed as having "bronchitis aggravated by fumes". He was not diagnosed as having occupational asthma until December 13, 1985. "Where it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could reasonably be inferred, * * * the question should be left to the trier of fact" *(Glod v Morrill Press Div.,* 168 AD2d 954, 956; *cf., Johnson v Ashland Oil,* 195 AD2d 980).

The contention of defendant that CPLR 214-c (2) does not apply is without merit. Plaintiff's action was not time-barred on July 1, 1986, by the "applicable period of limitation" (CPLR 214-c [6] [c]). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present— Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.

■ NANCY KRUKOWSKI, Appellant, v BILL SCOTT LINCOLN-MERCURY, Respondent. [617 NYS2d 695] —Order unanimously reversed on the law without costs and motion denied. Memorandum: The court erred in granting summary judgment to defendant. Whether defendant's actions were unreasonable and increased the hazard of ice are questions for the trier of fact *(see, Glick v City of New York,* 139 AD2d 402, 403). (Appeal from Order of Supreme Court, Onondaga County, Pooler, J.—Summary Judgment.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.