■ ANNE SIMON, Respondent, v HOWARD INDURSKY et al., Appellants. [630 NYS2d 2] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 23, 1993, which, upon a jury verdict in favor of plaintiff Anne Simon, awarded her the sum of $275,000 plus interest, costs and disbursements for a total amount of $287,228.66, unanimously affirmed, without costs.

The Supreme Court appropriately rejected the defense contention that the only purpose for introducing testimony concerning the individual defendant's inhalation of nitrous oxide was to engender bias. Since the testimony elicited from some of the witnesses could have reasonably led the jury to conclude that this substance, a sedative that results in a slowing down of reactions, contributed to the alleged malpractice, evidence of its inhalation was relevant to the question of negligence and was not simply a collateral attack intended to impermissibly prejudice the jury against defendants.

As for defendant's admitted "recreational" use of cocaine, it is settled that a witness may be cross-examined with respect to specific immoral, vicious or criminal acts which have a bearing on the witness's credibility *(Badr v Hogan,* 75 NY2d 629, 634). There is, similarly, no merit to defendants' position that a reversal is mandated because defendant was asked about his prior license revocations. Defendant was never questioned as to whether he participated in a substance abuse program *(see,* Mental Hygiene Law § 23.05), and the single query concerning whether he had voluntarily surrendered his license on two occasions does not require that the judgment be set aside.

Defendant's contention that the court committed reversible

error in permitting plaintiff to advance a new theory at trial that plaintiff had not set forth in either her complaint or bills of particulars, that is, that he was "high" at the time of the subject dental procedure, is without merit. While the dentist's possible drug use may have affected the quality of the care that he rendered to his patient, plaintiff was not asserting a new theory so much as offering possible explanations for the dentist's purported negligence. Defendants have, therefore, failed to establish that the court improvidently exercised its discretion in allowing plaintiff's counsel to refer in summation to the fact that defendant may have been "high" when he performed oral surgery upon plaintiff (see, Murray v City of New York, 43 NY2d 400).

Nor was it improper for the court to allow plaintiff to call Dr. Chesner as a witness despite the omission of his name from plaintiff's list of proposed witnesses, since the defense never made an objection at the outset of the proffered testimony. It issettled that, in the absence of a timely objection, the evidence is presumed to be acceptable, and any alleged error is deemed to have been waived (Horton v Smith, 51 NY2d 798; Komsa v Colonial Penn Ins. Co., 188 AD2d 367). In any event, even were we to consider defendants' claim on the merits, the proof of defendant's negligence was substantial without Dr. Chesner's testimony. Since there is no indication that the outcome of the trial would have been any different had he not taken the stand, any error must be considered harmless (Grier v Macy & Co., 173 AD2d 238; CPLR 2002).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch and Nardelli, JJ.