■ MICHAEL J. TERRY, Respondent, v SOUTHERN CONTAINER, Doing Business as SOUTHERN CONTAINER OF SYRACUSE, INC., Appellant. [627 NYS2d 498] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint pursuant to CPLR 3216. To defeat the motion, plaintiff had to show a justifiable excuse for failure to file a note of issue within the 90-day period and a good and meritorious cause of action *(see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553; *Highlands Ins. Co. v Maddena Constr. Co.,* 109 AD2d 1071, 1072). Plaintiff failed to make the required showing *(see, Richter v Dunlap,* 214 AD2d 983 [decided herewith]). Because five years had elapsed between commencement of the action and service of the 90-day demand, and because plaintiff's counsel acknowledged her inaction after receipt of that demand, we conclude that plaintiff's assertion of law office failure does not constitute a justifiable excuse *(see, e.g., Nichols v Agents Serv. Corp.,* 133 AD2d 912, 914). Moreover, the conclusory affidavit of plaintiff, submitted in opposition to a previous summary judgment motion, is insufficient to establish that he had a meritorious cause of action *(see, Richter v Dunlap, supra; Zent v Board of Educ.,* 174 AD2d 1047, 1048; *Billings v Berkshire Mut. Ins. Co.,* 149 AD2d 895, 896-897; *Nichols v Agents Serv. Corp., supra,* at 914; *Meth v Maimonides Med. Ctr.,* 99 AD2d 799, 800). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Dismiss Complaint.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.