■ GAYLORD WHITNEY et al., Respondents, v QUAKER CHEMICAL CORPORATION, Appellant, et al., Defendants. [649 NYS2d 294] —Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted the motion of Quaker Chemical Corporation (defendant) for summary judgment dismissing the complaint as time-barred. The complaint sought damages for personal injuries to Gaylord Whitney (plaintiff) caused by his exposure to toxic substances manufactured by defendant and distributed by it to his employer, MRC Bearings (MRC). The record establishes that plaintiff was exposed to toxic substances. On August 17, 1989, plaintiff and a number of other MRC employees experienced trouble breathing at work and were taken to the hospital. On August 18th plaintiff filed an Occupational Injury and Illness Report in which he stated that the emergency room doctor advised him that his difficulty in breathing was the result of exposure to chemicals at his workplace. On August 21, 1989, plaintiff filed a workers' compensation claim as a result of the incident. Documentation submitted on that claim indicates that plaintiff's injury stemmed from exposure to coolants at his workplace. On September 11th plaintiff again experienced difficulty breathing at work and was sent to the emergency room, where his condition was diagnosed as bronchitis caused by exposure to coolant mist. Similar incidents occurred in October and November 1989, wherein plaintiff was diagnosed as suffering from chemical exposure arising from his inhalation of toxic fumes. On June 20, 1991, the Workers' Compensation Board determined that plaintiff had suffered an injury as a result of his exposure to fumes at his workplace and that the date of the accident was August 17, 1989.

CPLR 214-c (2) provides that a cause of action for personal

injuries caused by the latent effects of exposure to a substance must be commenced within three years "from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier". The record establishes that plaintiff knew or should have known that he sustained an injury from his exposure to toxic fumes from August through November 1989. Indeed, the fact that plaintiff knew of the injury is conclusively shown by his having filed a claim with the Workers' Compensation Board arising from the August 17, 1989 incident, and the Board's determination that he had suffered an injury at his workplace on that date as a result of his exposure to toxic fumes. Because plaintiffs did not commence this action until October 29, 1993, more than three years from the date when plaintiff knew or should have known of his injury, the action is time-barred (*see*, CPLR 214-c [2]; *Crossman v Harding Indus. Tool & Master Chem. Corp.*, 222 AD2d 1081).

All concur except Fallon and Callahan, JJ., who dissent and vote to affirm in the following Memorandum:

Fallon and Callahan, JJ. (dissenting). In our view, Supreme Court properly denied defendant's motion for summary judgment dismissing plaintiffs' action as time-barred. Defendant contends that plaintiffs knew that Gaylord Whitney (plaintiff) sustained an injury as a result of exposure at his place of employment in August or September of 1989. Plaintiffs contend that those injuries suffered by plaintiff at his workplace in July 1991 were "dramatically different" from the injuries he suffered in 1989.

On similar facts, our Court has held that a determination of constructive discovery is a mixed question of law and fact (*see, Glod v Morrill Press Div.*, 168 AD2d 954, 955-956). Thus, where, as here, "it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could reasonably be inferred, the complaint should not be dismissed on motion and the question should be left to the trier of the fact" (*Glod v Morrill Press Div., supra*, at 956). (Appeal from Order of Supreme Court, Chautauqua County, Sedita, Jr., J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.