■ ANTOINETTE MIDDLETON, Respondent, v JOHN LUTHER AND SON et al., Defendants, and JOHN W. ROBERTSON et al., Appellants. (Appeal No. 1.) [656 NYS2d 1021]—Order unanimously reversed on the law without costs, motion denied, cross motions granted and complaint dismissed. Memorandum: Supreme Court abused its discretion in granting the motion of plaintiff

for an extension of time to file a note of issue and in denying the cross motions of defendants to dismiss the complaint for failure to serve a note of issue within 90 days after having been served with 90-day notices pursuant to CPLR 3216. Plaintiff was required to file a note of issue or to move before the default date either to extend the 90-day period or to vacate the notices (*see, Spierto v Pennisi,* 223 AD2d 537, 538), but plaintiff failed to do so. In order to avoid dismissal, plaintiff was required to demonstrate both a justifiable excuse for the failure to respond to the demands and a meritorious cause of action (*see,* CPLR 3216 [e]). Plaintiff failed to provide a reasonable excuse for her inactivity during the four years since the commencement of the action (*see, Terry v Southern Container,* 214 AD2d 983; *Richter v Dunlap,* 214 AD2d 983, 984). The affidavit of plaintiff's counsel, containing conclusory statements concerning the complexity of the case, does not demonstrate a reasonable excuse for the delay.

In light of our conclusion that the court abused its discretion in denying defendants' cross motions to dismiss the complaint pursuant to CPLR 3216, the court's subsequent order granting plaintiff additional time to conduct discovery and to file a note of issue must be vacated. (Appeals from Order of Supreme Court, Onondaga County, Major, J.—Dismiss Complaint.) Present—Green, J. P., Doerr, Boehm and Fallon, JJ.