■ LOUISE A. SHELLBERRY, Respondent, v MARY C. ALBRIGHT, Individually and as Executrix of ROBERT A. ALBRIGHT, Deceased, Defendant, and EDWIN J. SHOEMAKER, Appellant. [693 NYS2d 466] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendant Edwin J. Shoemaker for summary judgment with leave to renew upon completion of all discovery. Where pertinent facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant and may be revealed through pretrial discovery, summary judgment should be denied (*see,* CPLR 3212 [f]; *Blue Bird Coach Lines v 107 Del. Ave.,* 125 AD2d 971; *Mack v Gregory Mem. Hosp.,* 90 AD2d 969). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ. (Filed May 12, 1999.)

■ ELEANOR BURLINGAME et al., Appellants, v ROGER J. TOAL, Respondent. (Appeal No. 1.) [691 NYS2d 814] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: At the trial of this personal injury action, defendant admitted that his negligence caused the head-on collision between plaintiffs' and defendant's vehicles. The jury returned a verdict of no cause of action based on its finding that Eleanor Burlingame (plaintiff) did not sustain a serious injury as a result of the accident (*see,* Insurance Law § 5102 [d]). Supreme Court erred in denying plaintiffs' request to submit to the jury a verdict sheet containing separate interrogatories with respect to the three theories of serious injury at issue. The court instead submitted to the jury a verdict sheet containing one interrogatory that asked whether plaintiff sustained a "serious injury". Where multiple theories of serious injury are at issue, the verdict sheet should contain separate interrogatories with respect to each theory (*see, Velez v Svehla,* 229 AD2d 528, 530; *Cirasuolo v Cahill,* 119 AD2d 986). We conclude that the court's error may have affected the jury's finding that plaintiff did not sustain a serious injury. We therefore reverse the judgment and grant a new trial. (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—Negligence.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.