PENNY DABB, Individually and as Executrix of GORDON L. DABB, Deceased, Respondent, v NYNEX CORPORATION, Appellant. [691 NYS2d 840] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals from an order denying those parts of its motion seeking dismissal of the complaint on the grounds that it is time-barred and defendant is the wrong party, or, alternatively, seeking dismissal of the sixth and seventh causes of action on the ground that they are' facially deficient. Plaintiff commenced this action, individually and as executrix of the estate of her husband (decedent), alleging that high levels of stray voltage from alternating current on defendant's telephone line entered plaintiff's dairy farm and came into contact with the cows, causing them to become ill and diminishing their milk production. The complaint asserts causes of action for negligence, private nuisance, trespass to land and chattels, and prima facie tort, and seeks damages for injury to the cows, plaintiff's business and for personal injury and wrongful death.

Supreme Court properly refused to dismiss the complaint as time-barred under CPLR 3211 (a) (5) because it was not conclusively established when the causes of action accrued (*see, Glod v Morrill Press Div.*, 168 AD2d 954, 955-956). The court erred, however, in considering the Statute of Limitations issue under CPLR 214-c, rather than CPLR 214 (4). CPLR 214-c applies to cases in which the adverse effects of exposure to a toxin do not manifest themselves for many years after the exposure takes place (*see, Matter of New York County DES Litig.*, 89 NY2d 506, 514). In this case, however, the alleged harmful effect of electricity upon the cows is in fact patent, not latent, and thus there is no interval between the alleged exposure and resulting harm (*see, Sweeney v General Print.*, 210 AD2d 865, *lv denied* 85 NY2d 808). We note that, although the Court in *Jensen v General Elec. Co.* (82 NY2d 77, 82) held that the doctrine of continuing tort does not apply to property damage actions under CPLR 214-c except insofar as they seek injunctive relief, the doctrine is available to plaintiff under CPLR 214 (4). The causes of action for trespass and nuisance would be timely with respect to any interference with plaintiff's property occurring within three years of commencement of the action (*see, Sporn v MCA Records*, 58 NY2d 482, 488).

The court further erred in denying that part of defendant's motion seeking dismissal of the sixth and seventh causes of action for decedent's personal injury and wrongful death and plaintiff's loss of consortium. There is no recovery for "emotional

distress caused by the negligent destruction of one's property * * * nor for emotional distress caused by the observation of damage to one's property" (*Jensen v Whitford Co.*, 167 AD2d 826). Defendant is not liable for decedent's psychic or emotional injury, even that allegedly resulting in death, where the "alleged breach of duty to [decedent] did not put him in danger of physical harm" (*Green v Leibowitz*, 118 AD2d 756, 758). Because there is no view of the facts to support the conclusion that decedent's physical safety was endangered by the presence of stray voltage in the barn or on the farm, decedent's alleged emotional and psychic injury is not compensable and the sixth cause of action should have been dismissed. Likewise, the seventh cause of action, which is derivative, should have been dismissed.

Finally, the contention of defendant that it does not own or service the facilities referred to in the complaint and that the proper defendant is New York Telephone Company, doing business as NYNEX, was improperly raised under CPLR 3211 (a). Because the court did not notify the parties that it was treating the motion as one for summary judgment pursuant to CPLR 3211 (c), the court erred in considering defendant's affidavits (*see, Pietrosanto v NYNEX Corp.*, 195 AD2d 843, citing *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635). Even with those affidavits, however, the record before the court was insufficient to establish that there was merely a misnomer in the description of the party defendant. Thus, the court erred in granting plaintiff leave to amend the caption of the action.

We therefore modify the order by granting that part of defendant's motion seeking dismissal of the sixth and seventh causes of action and by denying plaintiff leave to amend the caption of the action. (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Dismiss Pleading.) Present— Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.