GINA M. HAMMOND, Respondent, v ALEKNA CONSTRUCTION, INC., et al., Defendants, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., Appellant. ANTHONY J. SISTI et al., Respondents, v ALEKNA CONSTRUCTION, INC., et al., Defendants, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., Appellant. CANDICE O'SHEA, Respondent, v ALEKNA CONSTRUCTION, INC., et al., Defendants, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., Appellant. RIMA BADALIANS, Respondent, v ALEKNA CONSTRUCTION, INC., et al., Defendants, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., Appellant. JUDITH L. JONES, Respondent, v ALEKNA CONSTRUCTION, INC., et al., Defendants, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., Appellant. UNITED STATES MINERAL PRODUCTS COMPANY, Doing Business as ISOLATEK INTERNATIONAL, Third-Party Plaintiff, v UTICA CITY SCHOOL DISTRICT, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [701 NYS2d 203] Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defen-

dant Stetson-Harza, Inc., also known as Harza Northeast, Inc. (Harza), seeking summary judgment dismissing the complaints and cross claims against it. Harza was hired by third-party defendant Utica City School District to provide architectural and engineering services for construction of a junior high school. Plaintiffs, employees and former employees of Utica City School District, allege that Harza's negligent design of the air ventilation system resulted in their exposure to CAFCO, a substance used to fireproof duct work, causing injury to each of them. Although Harza met its initial burden of establishing its entitlement to judgment as a matter of law, plaintiffs raised an issue of fact whether the design of the air ventilation system was defective (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Furthermore, the motion was premature. Plaintiffs established that discovery is incomplete and that facts bearing on the issue of the design of the ventilation system are within the exclusive control of Harza (*see,* CPLR 3212 [f]; *Shellberry v Albright,* 262 AD2d 942). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.