■ GINA M. HAMMOND, Respondent-Appellant, v ALEKNA CONSTRUCTION, INC., et al., Appellants-Respondents, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., et al., Respondents, et al., Defendants. ANTHONY J. SISTI et al., Respondents-Appellants, v ALEKNA CONSTRUCTION, INC., et al., Appellants-Respondents, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., et al., Respondents, et al., Defendants. CANDICE O'SHEA, Respondent-Appellant, v ALEKNA CONSTRUCTION, INC., et al., Appellants-Respondents, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., et al., Respondents, et al., Defendants. RIMA BADALIANS, Respondent-Appellant, v ALEKNA CONSTRUCTION, INC., et al., Appellants-Respondents, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., et al., Respondents, et al., Defendants. JUDITH L. JONES, Respondent-Appellant, v ALEKNA CONSTRUCTION, INC., et al., Appellants-Respondents, and STETSON-HARZA, INC., Also Known as HARZA NORTHEAST, INC., et al., Respondents, et al., Defendants. UNITED STATES MINERAL PRODUCTS COMPANY, Doing Business as ISOLATEK INTERNATIONAL, Third-Party Plaintiff-Appellant, v UTICA CITY SCHOOL

DISTRICT et al., Third-Party Defendants, and ENJEM's, Third-Party Defendant-Respondent-Appellant. ENJEM's, INC., Fourth-Party Plaintiff, v ARMSTRONG WORLD INDUSTRIES, INC., et al., Fourth-Party Defendants-Respondents. [703 NYS2d 332] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced toxic tort personal injury actions seeking damages for injuries allegedly arising from exposure to toxic materials in Donovan Junior High School in the 1992-1993 school year. Previously, we affirmed the order denying the motion of defendant Stetson-Harza, Inc., also known as Harza Northeast, Inc. (Harza), for summary judgment dismissing the complaint and cross claims against it (*Hammond v Alekna Constr.*, 267 AD2d 1027). Harza provided architectural and engineering services for construction of the school. The other parties for purposes of this appeal are defendant Alekna Construction, Inc. (Alekna), the general construction contractor; defendant Joseph A. Giruzzi, Inc., doing business as Joseph A. Giruzzi & Son (Giruzzi), the heating, ventilation and air conditioning (HVAC) contractor; defendant Raulli & Son, Inc. (Raulli), the structural steel contractor; defendant United States Mineral Products Company, doing business as Isolatek International (USM), the manufacturer of CAFCO, the toxic material that allegedly caused plaintiffs' injuries; third-party defendant and fourth-party plaintiff Enjem's, Inc. (Enjem's), the carpet installation contractor; and various fourth-party defendants who manufactured, supplied and distributed the carpeting products used at the school.

Plaintiffs allege that, as a result of their initial exposure to toxic materials, they have recurring symptoms in response to common chemical compounds, a condition referred to as Multiple Chemical Sensitivity (MCS) Syndrome. Supreme Court should have granted those parts of the motions of Alekna and USM and properly granted those parts of the motions of Giruzzi and Raulli seeking summary judgment dismissing the complaints insofar as they allege that plaintiffs suffer from MCS Syndrome. Plaintiffs failed to adduce evidence sufficient to raise an issue of fact whether "such a diagnosis has gained general acceptance in the scientific community after defendants had made a prima facie showing that it has not" (*Oppenheim v United Charities*, 266 AD2d 116, citing *Frank v State of New York*, 972 F Supp 130; *Collins v Welch*, 178 Misc 2d 107).

With the exception of the allegations concerning MCS Syndrome, the court properly denied the motions of Alekna and USM and erred in granting the motions of Giruzzi and

Raulli seeking summary judgment dismissing the complaints and cross claims against them. With respect to Alekna, there are issues of fact whether it properly supervised the subcontractors that it hired to apply the toxic material, whether it performed its duty to maintain and supervise safety programs, and whether it should have known that there was a problem with the toxic material or the HVAC system. With respect to USM, there are issues of fact whether USM was aware of the dangers of its product and was negligent in its design and production of the product. With respect to Giruzzi and Raulli, there are issues of fact whether they properly performed the work that allegedly created the condition that caused plaintiffs' injuries. Additionally, plaintiffs established that summary judgment is inappropriate because discovery is incomplete with respect to those defendants (*see,* CPLR 3212 [f]; *Hammond v Alekna Constr., supra*).

The court properly granted the motions of Enjem's and fourth-party defendants dismissing the complaint and cross claims against them. There is no proof that plaintiffs were exposed to any toxic materials except CAFCO, and thus there is no proof that the injuries were caused by any products manufactured, distributed, supplied, or installed by Enjem's or fourth-party defendants.

We therefore modify the order by granting those parts of the motions of Alekna and USM seeking summary judgment dismissing the complaints against them insofar as they allege that plaintiffs suffer from MCS Syndrome and, with the exception of the allegations concerning MCS Syndrome, by denying those parts of the motions of Giruzzi and Raulli seeking summary judgment dismissing the complaints and cross claims against them and reinstating the complaints and cross claims against them. (Appeals from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.