(February 13, 2001)

■ LARRY WEINSTEIN, Respondent, v NEW YORK HOSPITAL, Appellant, et al., Defendants. [720 NYS2d 475] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered August 17, 1999, awarding plaintiff damages against defendant hospital in the principal amount of $12,076,000, before structuring, including $2 million and $8 million for past and future pain and suffering, respectively, upon his stipulation, in lieu of a new trial on damages, reducing the jury's award of damages in the principal amount of $46,219,000, including $6 million and $25 million for past and future pain and suffering, respectively, unanimously modified, on the law, to vacate the awards of $54,000, $28,000 and $28,000 for past supervision, past schooling and past transportation expenses, respectively, and, on the facts, to vacate the awards for, and to direct a new trial on, past and future pain and suffering and future schooling and transportation expenses, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce the awards for past pain and suffering to $2,000,000, future pain and suffering to $4,500,000, future schooling to $154,800 and future transportation to $150,500, and to the entry of an amended judgment in accordance therewith.

The award for past pecuniary damages is vacated, on the law, since those expenses were paid for by plaintiff's mother, who was not legally obligated to do so and who did not assert a derivative claim (*see, Bani-Esraili v Lerman*, 69 NY2d 807).

According deference to the jury's resolution of conflicting expert testimony (*see, Hill v Liford*, 215 AD2d 252), a fair interpretation of the evidence supports the findings that defendants were negligent in not repeating arterial blood gas studies between 8:47 P.M. and 10:00 P.M., and in not arranging for intubation after receiving the first such study, and that such negligence was a proximate cause of plaintiff's infirmities. In particular, the jury could fairly reject defendant's contention that viral encephalitis was the root cause of plaintiff's infirmities when the objective tests performed could not substantiate that diagnosis, and fairly rely on the multiple entries in the medical records indicating that an emergency intubation had been performed due to respiratory arrest in preference to testimony that such notations were incorrect.

Because defendant failed to object to the now challenged testimony of plaintiff's medical experts in a timely and specific manner, any claim of error with respect to the admissibility of that testimony is not preserved for appellate review (*see, Simon v Indursky*, 211 AD2d 404, 405). In any event, the objection that materials relied upon by the experts were never admitted into evidence is unpersuasive, since such materials were used primarily to confirm conclusions that the experts had already reached from their own examinations of plaintiff and the properly admitted hospital records (*see, Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.*, 275 AD2d 387).

The awards for pain and suffering deviate materially from what is reasonable compensation under the circumstances (*cf., Vasquez v Figueroa*, 262 AD2d 179, 180; *Bermeo v Atakent,* 241 AD2d 235, 240, citing *Cruz v Mt. Sinai Hosp.*, 191 AD2d 325). The awards for future pecuniary damages are excessive to the extent indicated, in view of the testimony of plaintiff's mother.

In the event plaintiff does not stipulate to the reduction, and opts for a new trial, he should not be allowed to seek lost earnings and other items of claimed pecuniary damages stricken by the trial court for deficiencies in proof (*see, Outeiral v Otis El.*, 220 AD2d 255).

We have considered defendant's other arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.