Antoinette Middleton, Respondent-Appellant, v John S. Kenny et al., Individually and Doing Business as Kenny & Kenny, Appellants-Respondents. [731 NYS2d 425] —Order unanimously affirmed with costs to plaintiff. Memorandum: Plaintiff commenced this action alleging defendants' legal malpractice in the underlying personal injury action in which defendants had represented her. The underlying action arose out of plaintiff's alleged exposure to fumes and chemicals at plaintiff's workplace, a secured youth detention facility owned and operated by the State of New York. The defendants in the underlying "sick-building" action were the architects, engineers and HVAC contractors. On March 14, 1997, this Court dismissed the underlying action, holding that Supreme Court abused its discretion in granting plaintiff's motion for an extension of time to file a note of issue after having been served with a 90-day demand pursuant to CPLR 3216 (*Middleton v Luther & Son,* 237 AD2d 953).

In this malpractice action, the court held that defendants were negligent as a matter of law in failing to respond to the 90-day demand and ordered a trial on the issues of proximate cause and damages. Defendants contend that the court erred in denying their cross motion seeking summary judgment dismissing the complaint herein because plaintiff's employer, not the underlying defendants, was responsible for the ventilation problem. The record does not support that contention, however, and thus we conclude that defendants failed to submit evidence establishing as a matter of law that plaintiff would have been unsuccessful in the underlying action (*cf., Campcore, Inc. v Mathews,* 261 AD2d 870, 871, *lv denied* 93 NY2d 814, *rearg denied* 94 NY2d 839; *see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Even if defendants had

substantiated their contention that plaintiff's employer was liable for plaintiff's injuries, we would nevertheless conclude that defendants could not establish as a matter of law that plaintiff would have been unsuccessful in the underlying action; the conflicting opinions of the experts presented issues of credibility to be determined by a trier of fact in that action (*see, Newton v Gross*, 213 AD2d 1074, 1074-1075).

We also disagree with defendant that the underlying action would not have survived a *Frye/Daubert* test (*Frye v United States*, 293 F 1013; *Daubert v Merrell Dow Pharms.*, 509 US 579) because plaintiff essentially alleged a multiple chemical sensitivity disorder. Defendants failed to make a prima facie showing that plaintiff's diagnosed condition of "occupational airway syndrome" or "hyperreactive airways" has not gained general acceptance in the scientific community (*cf., Hammond v Alekna Constr.*, 269 AD2d 773, 774).

Defendants further contend that the underlying action was time-barred because medical records dated 1983 and 1984 show that plaintiff complained of wheezing and difficulty breathing at those times. The Statute of Limitations applicable to this action is CPLR 214-c, which requires that an action be commenced within three years from the date on which plaintiff discovered or should have discovered the injury (*see, Glod v Morrill Press Div.*, 168 AD2d 954, 955). "All that is necessary to start the limitations period is that plaintiff be aware of the primary condition for which damages are sought" (*Whitney v Quaker Chem. Corp.*, 90 NY2d 845, 847). However, "[w]here it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could reasonably be inferred * * * the question should be left to the trier of fact" (*Glod v Morrill Press Div., supra*, at 956; *see, Roman v Radio Frequency Co.*, 207 AD2d 1012). Because defendants have not established conclusively when plaintiff's cause of action accrued, they failed to meet their initial burden on their cross motion of establishing that plaintiff's underlying action would have been dismissed as time-barred (*see, Dabb v NYNEX Corp.*, 262 AD2d 1079).

Plaintiff does not address on appeal the court's failure to grant that part of her motion seeking partial summary judgment on liability, and thus any issue with respect to that part of the order is deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.