■ TANIYA SEAY et al., Respondents, v GAIL GREENIDGE et al., Appellants. [738 NYS2d 199] —Judgment, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about July 7, 2000, which, upon a jury verdict, awarded plaintiff damages in the total amount of $2,019,911.15, unanimously affirmed, without costs.

In this action to recover damages for injuries sustained in consequence of the infant plaintiff's poisoning by lead paint ingested by her while she was a tenant in premises owned by defendants, liability is not disputed, we find that the damage awards for pain and suffering are not inconsistent with a fair interpretation of the evidence (*cf., Bright v New York City Tr. Auth.*, 287 AD2d 402). The jury's implicit conclusions as to causation are supported by evidence linking the injury to defendants, and it was the jury's prerogative to resolve the conflicting testimony from the experts as it did (*see, Weinstein v New York Hosp.*, 280 AD2d 333, 334). Defendants have not preserved, by timely and specific objection, their argument that the uncontradicted testimony of plaintiff's medical expert should not have been received (*see, id.*), or that there was no proper foundation as to general scientific acceptance of his methods (*see, Cocca v Conway*, 283 AD2d 787, 788, *lv denied* 96 NY2d 721). Were we to consider those objections, we would find them without merit (*see, e.g., Middleton v Kenny*, 286 AD2d 957, 958). The awards for past and future pain and suffering do not deviate materially from what is reasonable compensation under the circumstances. Concur—Andrias, J.P., Saxe, Rosenberger, Wallach and Buckley, JJ.