# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1191**
**CA 13-01135**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

MITCHELL T. HALL, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

INTEGRITY REAL ESTATE PROPERTIES, INC., RJG
HOLDINGS, LLC, AND THOMAS J. HARRINGTON,
DEFENDANTS-RESPONDENTS.

---

VAN HENRI WHITE, ROCHESTER, FOR PLAINTIFF-APPELLANT.

MARK C. RODGERS, BUFFALO, FOR DEFENDANTS-RESPONDENTS INTEGRITY REAL
ESTATE PROPERTIES, INC. AND THOMAS J. HARRINGTON.

BURKE, ALBRIGHT, HARTER & REDDY, LLP, ROCHESTER (CASEY ACKER OF
COUNSEL), FOR DEFENDANT-RESPONDENT RJG HOLDINGS, LLC.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (J.
Scott Odorisi, J.), entered April 2, 2013.  The order, among other
things, granted defendants' motions to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for personal injuries that he
sustained when he fell from a ladder.  He now appeals from an order
granting the motions of defendants seeking to dismiss the complaint on
the ground that plaintiff failed to appear for a deposition ordered by
Supreme Court, and denying his cross motion seeking to amend the
caption.  In support of their respective motions, defendants
established that plaintiff commenced this action under the name
Mitchell T. Hall and that he signed various court documents under that
name.  During the discovery process, however, the former attorneys for
plaintiff moved to withdraw from representation of him and notified
the court and counsel that plaintiff was incarcerated on unspecified
charges arising from the use of that name.  Plaintiff later submitted
an affidavit stating that his real name is Danny Hall, but that he had
been using the alias Mitchell T. Hall, the name of his brother.
Plaintiff further stated that his brother died after giving plaintiff
permission to use the brother's name, but plaintiff submitted no
admissible evidence supporting those statements.  The court permitted
plaintiff's former attorneys to withdraw and, upon motions of
defendants, ordered plaintiff to appear for a deposition.  Pursuant to
the court's order directing plaintiff to appear for the deposition,

notice was sent to "Mitchell T. Hall c/o Danny Hall," at the address that plaintiff previously provided to the court in a notarized statement.  Plaintiff did not appear for the court-ordered deposition. Defendants moved separately to dismiss the complaint on the ground that plaintiff failed to appear for the court-ordered deposition, and plaintiff, represented by new counsel, cross-moved to amend the caption to reflect that his name is Danny Hall, a.k.a. Mitchell T. Hall.

We reject plaintiff's contention that the court erred in granting the motions.  "Trial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (*Gadley v U.S. Sugar Co.*, 259 AD2d 1041, 1042).  The CPLR provides that, "[i]f any party . . . refuses to obey an order for disclosure . . . , the court may make such orders with regard to the . . . refusal as are just, among them: . . . an order . . . dismissing the action" (CPLR 3126 [3]).  Thus, " 'when a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR,' the dismissal of a pleading is warranted" (*Kimmel v State of New York*, 286 AD2d 881, 882, quoting *Kihl v Pfeffer*, 94 NY2d 118, 122).  Here, the court properly concluded that the failure to comply with the discovery order was " 'willful, contumacious or in bad faith' " (*Hill v Oberoi*, 13 AD3d 1095, 1096; *see Leone v Esposito*, 299 AD2d 930, 931, *lv dismissed* 99 NY2d 611), and that plaintiff had committed a fraud on the court that was "so serious that it undermines . . . the integrity of the proceeding" (*Baba-Ali v State of New York*, 19 NY3d 627, 634 [internal quotation marks omitted]; *see CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 318).  Contrary to plaintiff's further contention, he failed to provide a reasonable excuse for his failure to appear for the deposition (*see Hann v Black*, 96 AD3d 1503, 1504-1505; *Herrara v City of New York*, 238 AD2d 475, 476).  Consequently, we conclude that the court did not abuse its discretion by dismissing the complaint (*see generally Kubacka v Town of N. Hempstead*, 240 AD2d 374, 375).

Contrary to plaintiff's further contention, we agree with defendants that the court properly denied the cross motion to amend the complaint to state plaintiff's purported legal name.  In support of his cross motion, plaintiff relied entirely upon his affidavit, in which he explained that he had been using his dead brother's name since 1996.  "[That] affidavit[], however, . . . was insufficient to establish that there was merely a misnomer in the description of the party [plaintiff]" requiring amendment (*Dabb v NYNEX Corp.*, 262 AD2d 1079, 1080).

Entered:  January 2, 2015                         Frances E. Cafarell
                                                  Clerk of the Court