Rios v St. Barnabas Hosp. (2025 NY Slip Op 03168)

Rios v St. Barnabas Hosp.

2025 NY Slip Op 03168

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 20250/15|Appeal No. 4437|Case No. 2024-00165|

[*1]Luz Nereida Rios, Plaintiff-Appellant,
v
St. Barnabas Hospital et al., Defendants-Respondents.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola (Theodore McKinley Thornton of counsel), for appellant.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for St. Barnabas Hospital, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for Jeannelle Chaperon, CNM, respondent.

Judgment, Supreme Court, Bronx County (Alicia Gerez, J.), entered December 12, 2023, upon a jury verdict in favor of defendants St. Barnabas Hospital and Jeannelle Chaperon, CNM dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that defendant midwife Chaperon failed to timely diagnose and treat her ectopic pregnancy. The jury's verdict finding that Chaperon complied with the standard of care is supported by ample evidence that, on July 9, 2014, Chaperon advised plaintiff that it was "urgent" and "very important" for her to obtain repeat bloodwork for a b-hCG test within 48 hours, but plaintiff did not seek a repeat test until July 15th.
During trial, an issue arose as to whether St. Barnabas's clinic lab was open until 4:00 p.m. or 5:00 p.m. in July 2014, and plaintiff served a subpoena on St. Barnabas to obtain information concerning the lab's hours as well as a requisition form given to plaintiff. Contrary to plaintiff's arguments, the trial court providently directed St. Barnabas to attempt to identify records responsive to the subpoena, notwithstanding defendants' persuasive arguments that the information should have been sought during pre-trial discovery, and St. Barnabas agreed to do so. Plaintiff did not object when the case was submitted to the jury the next day without further inquiry concerning the status of St. Barnabas's search. Plaintiff's argument that the trial court should have issued a missing document charge concerning the documents that St. Barnabas did not produce is unpreserved for review since she never objected to the jury charges (see CPLR 4110-b; Ganaj v New York City Health & Hosps. Corp., 130 AD3d 536 [1st Dept 2015]). Nor did plaintiff make any showing that the documents sought by the subpoena existed and were under defendants' control (see Manne v Museum of Modern Art, 39 AD3d 368 [1st Dept 2007]).
The court providently exercised its discretion in permitting cross-examination of plaintiff concerning her use of marijuana and cocaine during the period in which she was seeking treatment from defendants. The marijuana and cocaine use was documented in the hospital records, which plaintiff offered into evidence, and had a bearing on her credibility (see Simon v Indursky, 211 AD2d 404, 404 [1st Dept 1995], citing Badr v Hogan, 75 NY2d 629, 634 [1990]).
In any event, any evidentiary or other error by the trial court was harmless since there was ample evidence to support the verdict in defendants' favor (see Nestorowich v Ricotta, 97 NY2d 393, 401 [2002]; see also CPLR 2002).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025